396 So.2d 847 (1981)
COMMERCIAL CARRIER CORPORATION, Appellant,
v.
Kenneth W. BENNETT, Appellee.
No. WW-112.
District Court of Appeal of Florida, First District.
April 10, 1981.
Robert C. Barrett of Akerman, Senterfitt & Eidson, Orlando, for appellant.
William P. Levens of Barrs, Williamson & Levens, Tampa, for appellee.
PER CURIAM.
Appellant appeals a worker's compensation order awarding claimant temporary total disability (TTD) benefits, further medical treatment, and attorney's fees. We affirm the order except as to the award of TTD benefits.
Claimant injured his back and knee in two industrial accidents on February 7, 1978, and March 1, 1978. He came under the care of Drs. Kriz and Miller, who released claimant to work on March 28, 1978. Claimant did not see another physician until he saw Dr. Baker on September 21, 1978. Claimant also returned to work in September 1978.
During the period between his release to work on March 28, 1978, and his return to work in September 1978, claimant testified he was unable to work because of the pain of his injuries. Therefore, he did not try to work during this period.
Dr. Baker testified that as of September 21, 1978, he felt claimant was ready to return to work. However, he also stated he thought claimant had been working since his release to work in March 1978 by Drs. Kriz and Miller. There was no medical testimony that claimant was unable to work during the period in question because of his injuries. The deputy apparently based the award of TTD benefits on claimant's testimony that he was unable to work because of his injuries and Dr. Baker's testimony that claimant was ready to return to work as of September 21, 1978.
*848 Since there was no medical evidence that claimant was unable to work during the period in question due to his injuries, the claimant is precluded from an award of TTD benefits without making a conscientious effort to return to work. Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368, (Fla. 1st DCA 1981). Also, in the absence of medical evidence showing that claimant is unable to work, he could not establish entitlement to TTD benefits merely by testifying that he did not make any effort to return to work because he did not feel able to. Walter Glades Condominium and Federal Insurance Co. v. Morris, 393 So.2d 664, (Fla. 1st DCA 1981).
Therefore, we reverse the order as to the award of TTD benefits and remand with instructions to enter an order consistent with this opinion. On remand, the deputy shall take into consideration the reversal of the award of TTD benefits in determining the reasonableness of the attorney's fee to be awarded the claimant.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A., Associate Judge (Ret.), concur.