McCORD, Judge.
In this worker’s compensation appeal, Pate contends the deputy commissioner erred in computing his average weekly wage and in determining the date on which the carrier should be allowed to claim an offset against social security benefits. We agree and reverse.
Both parties agree that the deputy’s figure of $251.71 for Pate’s average weekly *525 wage was incorrect. The carrier maintains that the error was merely mathematical, and it advances $258.87 as the correct amount. Pate, however, asserts that the deputy improperly excluded vacation benefits and further erred by failing to use an “equivalent employee” to determine the wage.
Neither position is entirely correct. The deputy properly denied Pate’s request to use an equivalent employee’s earnings in determining the average weekly wage because Pate worked more than 90 per cent of his total customary full-time hours of employment. See Sections 440.-14(1), (2), Florida Statutes (1977). The deputy also properly denied the request to add vacation benefits to the average weekly wage because Pate failed to produce evidence that this benefit had vested. See Sunland Training Center v. Thomas, 408 So.2d 685, cert. denied, 389 So.2d 1116 (Fla.1980). However, we cannot accept the carrier’s suggestion for a correct average weekly wage because our calculations yield a different figure. Therefore, we remand for the deputy’s redetermination of the average weekly wage.
We also reverse the portion of the order in which the deputy determined that the carrier was entitled to set off social security benefits to Pate beginning on the date it requested information from the social security administration. Such an offset cannot be applied retroactively. Florida Department of Transportation v. Lindsey, 383 So.2d 956 (Fla. 1st DCA 1980).
Upon remand, the deputy should reconsider the award of an attorney’s fee in light of the increase in Pate’s benefits. Section 440.34.
Accordingly, this cause is remanded for proceedings consistent with this opinion.
SHIVERS, J„ and MASON, ERNEST K, (Retired) Associate Judge, concur.