415 So.2d 809 (1982)
DURO PAPERBAG MFG. CO. & Transamerica Insurance Co., Appellants,
v.
Ruther GRAHAM, Appellee.
No. AH-113.
District Court of Appeal of Florida, First District.
June 16, 1982.
*810 Richard G. Davis, of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellants.
John A. Williamson, of Barrs, Williamson & Levens, Tampa, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order awarding claimant temporary total disability benefits. We agree with employer/carrier's contention that the award is not supported by competent substantial evidence and reverse the order.
Claimant is a 34 year old female with a high school education and an employment history as a maid, a dietician, and in various hospital employments and "laboratory work," as well as her factory job with the present employer. In August 1980 claimant sustained an industrial accident resulting in an injury which was diagnosed as a "mild lumbar strain"; claimant's physician advised that she return to work but "take it easy." Claimant returned to work for only one day and testified that she experienced disabling pain. She eventually saw other physicians, but none of these subsequent doctors imposed physical restrictions or suggested that claimant was unable to work. Claimant was deposed in February 1981, at which time she indicated that her only effort toward reemployment was to look in the newspaper for hospital work and call "a few places." A hearing was eventually held in September 1981, at which time claimant testified that she had made no further work search or attempt at employment because she was taking medication (originally prescribed for pain caused by her industrial injury) which made her drowsy and because she felt physically incapable of gainful employment. Claimant further testified that she continues to experience pain which "comes and goes," and that she is often limited in her household chores.
When there is no other competent evidence of total inability to work, a conscientious effort to return to work is a prerequisite for an award of temporary total disability benefits. See Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981). Although a claimant's own testimony may, in appropriate circumstances, provide the necessary evidence of total physical or medical disability, Square G Construction Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA March 26, 1982, rehearing denied April 29, 1982), the facts above recited are not appropriate for the application of this rule. Claimant's physician imposed no physical restrictions and recommended that she return to work, and claimant's own testimony establishes neither total disability nor any reasonable explanation for not attempting to obtain and undertake employment to test her capability during the lengthy period in question. The adequacy of a claimant's work search is, of course, a factual issue within the ambit of the deputy's fact-finding authority, and his conclusion will be upheld if the record provides any competent substantial supporting evidence. In the present case, however, the deputy made no express finding as to the legal effect of claimant's admitted failure to seek employment, stating only that the carrier "didn't do very much in this case ... I got to award temporary total to the claimant because it just wouldn't be fair otherwise... ."
We find that the record lacks any competent substantial evidence to support *811 the temporary total disability award, and that the deputy erred in awarding such benefits. The circumstances would apparently require the application of § 440.15(4)(b), Florida Statutes (1980), as to "deemed" earning ability upon a claimant's voluntary limitation of income, and on remand the deputy should consider the applicability and effect of this provision. See Pompano Roofing Co. v. O'Neal, 410 So.2d 971 (Fla. 1st DCA 1982).
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
BOOTH and WIGGINTON, JJ., concur.