THOMPSON, Judge.
The employer/carrier (E/C) bring this appeal of a workers’ compensation order, charging that the deputy commissioner erred in awarding claimant temporary total disability (TTD) benefits from June 26, 1981 and continuing. We reverse.
On June 12, 1980, the claimant, a route salesman, was robbed and severely beaten. He was thereafter hospitalized and treated for multiple injuries, including a broken nose, cracked ribs, and an injury to his left shoulder and arm. The claimant recovered satisfactorily from all injuries except his arm injury, which was requiring treatment through the date of the hearing. The E/C furnished all required medical care, and paid TTD benefits until June 25,1981, when it received a report from an investigator indicating that claimant was working. On receiving this information, the E/C discontinued payment of disability benefits and deauthorized the claimant’s treating physician. The claimant then filed his claim for benefits, seeking continuing medical treatment and reinstatement of TTD benefits.
Although the testimony on the issue was in sharp conflict, there is competent substantial evidence to support the deputy’s determination that the E/C’s investigator was mistaken, and that the claimant had not been working at the time the E/C discontinued payment of benefits. However, everyone who testified on the issue of the claimant’s ability to work, including the treating physician, the examining physician, and the claimant himself, agreed that claimant was capable of working, even though his condition had not yet improved sufficiently to enable him to handle the heavy lifting which was part of his regular job. Because the evidence showed that claimant was not totally disabled, and because claimant admitted that he made no effort to obtain work which was within his capabilities the award of TTD benefits must be reversed. Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981). Accordingly, the case is remanded for determination of claimant’s entitlement to temporary partial disability benefits, with instructions to the deputy to consider the provisions of § 440.15(4)(b), Fla. Stat. relating to “deemed” earning capacity where a claimant has voluntarily limited his or her income. Duro Paperbag Mfg. Co. v. Graham, 415 So.2d 809 (Fla. 1st DCA 1982).
REVERSED and REMANDED.
MILLS and BOOTH, JJ., concur.