419 So.2d 734 (1982)
Arthur FULMER-ORLANDO and Kent Insurance Co., Appellants,
v.
Ernest L. TAYLOR, Appellee.
No. AJ-75.
District Court of Appeal of Florida, First District.
September 20, 1982.
Bruce R. Kaster, of McClellan, Kaster & Vostrejs, Ocala, for appellants.
J.W. Chalkley, III, Ocala, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order awarding temporary total disability benefits from October 1980 to May 1981, based on a hearing completed in December 1981. We affirm.
In July 1980 claimant sustained an industrial accident resulting in a low back injury when he fell while carrying heavy upholstery material. Claimant's treating physician determined that he was temporarily totally disabled, and benefits were paid until October 1980. Claimant did not attain maximum medical improvement until May 1981, following hospitalization for myelography in March 1981. Employer/carrier contend that work search deficiencies preclude the award of temporary total disability benefits between October 1980 and May 1981.
Claimant's treating physician testified that, while he had concluded that claimant could not return to the employment in which the injury occurred, he had "probably encouraged" claimant to find light work in October. Although claimant's employment history was varied and the circumstances would ordinarily dictate diligent attempts at other work if he had been so advised, neither the doctor's office notes *735 nor any other part of the record to which we are referred indicates that claimant was released or informed that he could return to work until May of 1981. The equivocal nature of the doctor's quoted testimony does not, in the context of this record, require that the deputy find otherwise. Even assuming direct retrospective testimony that claimant was able to undertake some light employment as early as October of 1980, a reversal of benefits here cannot logically rest on his failure to seek work in the absence of any evidence that he knew or should have known that he was released for that purpose.
In addition, claimant described his condition during this period as one of constant severe pain in his low back and buttocks, with numbness in his lower legs. Claimant further testified without medical contradiction that he could not walk any considerable distance without pain, could not sit for prolonged periods, was not able to lift, to bend repetitively, and was generally unable to function normally. Refusing to accept this as a permanent condition, claimant underwent a myelogram in March of 1981. Although the record supports the determination of MMI on May 13, 1981, the date to which temporary benefits were awarded, we note the fact of continued medical care including strongly recommended psychiatric evaluation.
Employer/carrier also challenge the sufficiency of the evidence to support the deputy's finding of a permanent impairment. However, the order states that the issue of wage loss was not presented and awards no permanent compensation benefits. The order on this point is therefore not subject to review in this appeal of the award of temporary disability compensation. The Wash House v. Tucker, 413 So.2d 813 (Fla. 1st DCA 1982).
Affirmed.
BOOTH and WIGGINTON, JJ., concur.