422 So.2d 946 (1982)
CONSHOR, INC. and Liberty Mutual Insurance Company, Appellants,
v.
Donald BARNHART, Appellee.
No. ZZ-242.
District Court of Appeal of Florida, First District.
November 9, 1982.
Rehearing Denied December 9, 1982.
Albert M. Frierson, Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Richard I. Cervelli, Naples, for appellee.
PER CURIAM.
The claimant in this worker's compensation proceeding was awarded 100% wage loss benefits based upon the deputy commissioner's finding of one percent (1%) permanent partial disability of the body as *947 a whole. We reverse the award of wage loss benefits because the evidence presented by the claimant fails to meet the minimum standards required for an adequate work search.
The 28 year old claimant has a high school education and one semester of college. When questioned regarding his work search he was unable to identify the specific businesses or enterprises at which he had submitted an application for employment.[1] Although he indicated that he had personally sought work at a McDonald's to do cleanup work, he admitted that he told the prospective employer that he couldn't do that work. He applied for a job with a pool company cleaning pools, and also filled out an application with an auto wrecking company. However, he declared at the hearing that he knew he could not do either of these jobs. He told the pool company that his back hurt, and that he was in pain. There is no indication that he represented himself to either employer as a likely prospect for employment. In fact, all indications from his testimony are that he made his complaints of pain quite obvious, yet he had "no idea" why no job was offered.
The claimant's testimony further reveals that although he made some telephone inquiries, without success, he failed to even register with the Florida Employment Service, and made no effort to seek vocational rehabilitation or counselling.
To the extent that the deputy commissioner's approval of the work search evidence in this case might have been influenced by the assumption that less effort to find work is imposed on a claimant seeking wage loss benefits under the new act, we hasten to reject this notion. A recent decision of this court has altered the consequences of an inadequate work search or insufficient evidence of the search.[2] Another recent decision has dealt with the effect, on entitlement to wage loss benefits, of conditions beyond the control of the claimant.[3] However, the requirement of an adequate and good faith work search has not been relaxed, nor has the necessity for production of competent substantial evidence to prove compliance with that requirement. See, e.g., Pan Am Tobacco Corporation v. Brown, 416 So.2d 1211 (Fla. 1st DCA 1982). It is evident  as the deputy commissioner here recognized in his order[4]  that the new act has significantly enhanced the E/C's burdens with respect to rehabilitation and reemployment of the injured worker. See, Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982); Hurricane Fence Industries v. Bozeman, 413 So.2d 822 (Fla. 1st DCA 1982); Viking Sprinkler Co. v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). It is also true, however, that the claimant must cross the work search threshold when required by the facts of the particular case.
Because the finding of an adequate work search is not supported by competent substantial *948 evidence, we are compelled to reverse the order awarding 100% wage loss benefits.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] This deficiency alone demonstrates the claimant's failure to meet even minimum evidentiary standards for proof of an adequate and good faith work search. See, Regency Inn v. Johnson, 422 So.2d 870, 872 (Fla. 1st DCA 1982), citing Milex Southern Medical Inc. v. Osuna, IRC Order 2-3763 (1979), cert. den. 383 So.2d 1200 (Fla. 1980), for the statement that work search evidence should include the names of the businesses contacted, the type of work sought, the number of contacts made, and the time frame within which work was sought.
[2] Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982), inadequate work search not res judicata.
[3] Regency Inn v. Johnson, 422 So.2d 870 (Fla. 1st DCA 1982), inability to find employment because of economic conditions does not bar recovery of wage loss benefits.
[4] The deputy commissioner's order provided, in part: "The policy of the present workers' compensation act imposes squarely upon the employer and its carrier the duty to rehabilitate and reemploy a claimant who has suffered an industrial injury. It is now, therefore, up to the employer and the carrier to meet its burden, or, in the alternative, to continue to pay wage loss as may be appropriate until the Claimant, through his own initiative, finds suitable employment. Thus, there is a continuing obligation on both claimant and Employer/Carrier to work together jointly to explore and ultimately reenter the open labor market."