PER CURIAM.
This cause is before us on appeal by the employer/carrier from a workers’ compen *608 sation order awarding temporary total disability benefits from January 15, 1981, and continuing so long as the claimant remained temporarily and totally disabled. The employer/carrier urges that this award was unsupported by competent substantial evidence, as there was neither medical evidence that claimant was unable to work after January 15, 1981, nor a conscientious work search. We agree and reverse.
Claimant Chatman is 28 years old with a high school education and work experience as a truck driver, meter reader, laborer and cement finisher. On June 6, 1980, while employed by appellant Florida Power and Light Company as a mechanic and maintenance helper, he sustained a lumbosacral sprain while using a sledge hammer on concrete. The deputy accepted the testimony of claimant’s chiropractor, Dr. Woodall, that claimant reached orthopedic maximum medical improvement on December 17,1980 with a “minimal” permanent orthopedic disability of five percent of the body as a whole. At the time of Dr. Woodall’s last examination on this date, the only orthopedic complaint claimant had was dull lower back and leg pain if he was under physical stress or on his feet too long.
Dr. Mutter, a psychiatrist who initially examined claimant on August 13, 1981, felt claimant had sustained a depressive reaction related both to the industrial accident and to marital difficulties but that he was able to work with the sole restriction that he not be required to concentrate for long periods. By September 23, 1981, Dr. Mutter felt that even this concentration problem was “lifting.”
Claimant concedes that he is able to work but was not “sure what kind of work [he] wanted [or] what kind of career,” and stated that he “just didn’t want to take anything,” such as a newspaper delivery job. Claimant further admitted that many of the jobs he had applied for were in areas in which he had no experience and that the reason he was not working prior to August 7, 1981 was because of the lack of desirable openings and his uncertainty regarding his career. Prior to October 8, 1981, there was evidence that claimant had recently conducted a job search out of state, but there was no testimony as to the kinds of jobs applied for or whether they were within claimant’s physical restrictions. Therefore, due to the lack of evidence of inability to work or of a sufficient work search, the award of temporary total disability benefits subsequent to January 15, 1981 is not supported by competent substantial evidence and must be reversed. See, Conshor, Inc. v. Barnhardt, 422 So.2d 946 (Fla. 1st DCA, 1982).
BOOTH and WIGGINTON, JJ., concur.
WENTWORTH, J., dissents without written opinion.