WENTWORTH, Judge.
Employer/carrier appeal workers’ compensation orders awarding claimant wage loss benefits and an attorney’s fee. We conclude that such benefits were erroneously awarded, and therefore reverse the orders appealed.
Claimant is a 59 year old woman who has spent most of her adult life as a homemaker. After three months’ employment she sustained an industrial accident resulting in a back injury which was eventually diagnosed as an aggravation of a preexisting severe degenerative disc disease. Claimant’s physician opined that claimant had sustained a five percent permanent impairment and that she should avoid stooping, bending, and lifting activities.
After being released by her physician to return to work, claimant conducted an extensive job search and obtained several offers of employment. However, in each instance when she was offered employment claimant then advised the prospective employer that she did not believe herself physically capable of the proffered employment. In each instance the job offer was then withdrawn. Claimant candidly admitted before the deputy commissioner that she did not feel herself capable of working at all, and that she had merely been complying with her attorney’s advice in initiating these job contacts. The deputy nevertheless awarded the requested wage-loss benefits.
The record in the present case lacks any evidence of medical conditions suggesting that claimant is patently unemployable, and her report to prospective employers was not confined to her physician’s restrictions. Claimant has in effect declined to test her employability by failing to conduct a good-faith search for and attempt to perform, employment potentially within her capabilities. In these circumstances the deputy erred in awarding total wage-loss benefits.[1] See Conshor, Inc. v. Barnhart, 422 So.2d 946 (Fla. 1st DCA 1982).
The attorney’s fee award is also in error, inasmuch as the erroneous compensation award was the sole predicate therefor.
The orders appealed are reversed.
SHIVERS and JOANOS, JJ., concur.

. The parties do not argue, and therefore we do not consider, the applicability of the “deemed earnings” provision of § 440.15(3)(b)2, Florida Statutes, as discussed in Pompano Roofing Co. Inc. v. O’Neal, 410 So.2d 971 (Fla. 1st DCA 1982).