PER CURIAM.
In this workers’ compensation case the E/C challenge the deputy commissioner’s award of temporary total disability benefits from October 6, 1980, until October 26, 1981. We reverse.
The claimant sustained a compensable industrial accident resulting in an injury to his right shoulder. He received medical treatment, and was released to return to work by Dr. Jones on October 6, 1980. On October 26, 1981, the claimant returned to Dr. Jones who at that time opined that the claimant had reached maximum medical improvement, with a 15% impairment of the shoulder. During the intervening year, the claimant received no medical treatment, and did not work. The claimant testified that he had saved enough money in 1980 to support himself in 1981, so he decided to take the year off to rest his arm. While he testified that his shoulder was too painful to permit him to do the heavy work he was accustomed to, he also testified that he looked for such work briefly in the late *684 summer or early fall of 1981 when his money began to run out.
Generally, for temporary total disability purposes, bare complaints of pain will not excuse a search for employment. Lindsley Home Care Centers v. Faster, 413 So.2d 810 (Fla. 1st DCA 1982). This is not an appropriate case for application of the exception to the rule recognized in Square G Construction Company v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982). In Square G, this court affirmed an award of temporary total disability benefits based only on the claimant’s testimony that his prescribed medication made him too drowsy to safely drive heavy equipment — his customary occupation. Additional factors militating against application of the general rule in Square G were the claimant’s attempts to obtain further medical treatment, the deputy’s opportunity to observe the claimant’s condition during his testimony at the very end of the period of requested benefits, and the testimony of only one medical expert contrary to the claimant’s testimony.
Here, temporary total disability benefits were sought for a period in excess of one year during which the claimant sought no medical treatment, and failed to conduct a work search except to the limited extent above mentioned. Additionally, the hearing was not held until approximately eight months after the end of the period for which benefits were sought, making it impossible for the deputy to observe claimant during the critical period. See, Sanlando Utility Corporation v. Morris, 418 So.2d 389, 392, n. 2 (Fla. 1st DCA 1982).
This court has previously declined to apply the Square G exception in a case factually similar to this one. Duro Paperbag Mfg. Co. v. Graham, 415 So.2d 809 (Fla. 1st DCA 1982). See also, Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981) (decided before Square G, but recognizing the applicability of the general rule in a situation like that at bar).
We express no opinion on the adequacy of the claimant’s work search in the summer of 1981, nor on the question of whether the claimant was temporarily partially disabled during 1981. We simply hold that the evidence does not support the deputy’s finding of temporary total disability. Duro Paperbag Mfg. Co. v. Graham, supra.
REVERSED and REMANDED.
BOOTH, LARRY G. SMITH and ZEH-MER, JJ., concur.