433 So.2d 1253 (1983)
LAKELAND CONSTRUCTION COMPANY and INA/ESIS, Appellants,
v.
Earl A. FLATT, Appellee.
No. AO-365.
District Court of Appeal of Florida, First District.
June 23, 1983.
Rehearing Denied July 25, 1983.
Ivan Matusek, St. Petersburg, for appellants.
John Marshall Kest of Wooten, Honeywell, Kest & Martinez, Orlando, for appellee.
*1254 SHIVERS, Judge.
In this workers' compensation case, Lakeland Construction Company and INA/ESIS (employer/carrier) appeal the order of the deputy commissioner awarding temporary total disability (TTD) benefits to Flatt. Appellant argues that the deputy commissioner erred in awarding TTD benefits, absent proof of a work search, where the medical evidence shows claimant is able to do some work. We affirm in part; reverse and remand in part.
On November 3, 1980, Flatt inhaled fumes at work, coughed, and the cough produced a rupture of a pre-existing cerebral aneurysm of the anterior communicating artery. As a result of the rupture and the surgery performed to "clip" the aneurysm, claimant had a portion of his brain removed which will never regenerate. Since the accident and surgery, claimant is not as "sharp" as he used to be. He has memory problems and headaches. His IQ is listed in the lowest 10%. Claimant also has weakness in the left side of his body, particularly the left arm and hand.
Although the parties stipulated that claimant had reached maximum medical improvement (MMI) on March 19, 1982, the deputy commissioner found, based on the testimony of Dr. Gessner, a neuropsychologist, that claimant's condition might improve further and that the claimant was not at MMI. The treating neurosurgeon, Dr. Jackson, described claimant's residual problems to be occasional headaches relieved by aspirin and a slight weakness in the left side of the body, particularly in the left hand. He was of the opinion that claimant was competent to manage his own affairs, that his behavior was appropriate, and that although he could not engage in heavy labor due to the weakness in his left arm, he was capable of employment in menial work. Dr. Mozingo, an examining neurosurgeon, felt that claimant could do any sort of work which did not require extreme dexterity of the left hand. Alan Gessner, Ph.D., the examining neuropsychologist, felt that claimant was capable of working in unskilled or minimally semi-skilled labor. At the time of the July 22, 1982, hearing on the claim, claimant had not worked, sought rehabilitation, or made any attempt to seek employment. Surveillance film taken of claimant shows him working slowly but steadily laying outdoor tile at a neighbor's residence.
The deputy commissioner found claimant to be TTD from the date of the accident through the date of the hearing and continuing. The employer/carrier contests only that portion of the award from March 19, 1982, and continuing. Appellant argues that as of March 19, 1982, the date claimant was last seen by his treating physician, the medical evidence is uncontroverted that claimant was able to engage in some work, albeit of a light or restricted variety. It is also uncontroverted that claimant made no attempt whatsoever to seek employment. Therefore, the employer/carrier argues that the award of TTD from March 19, 1982, and continuing was unjustified.
We first note that between March 19, 1982, and July 22, 1982, the date of the hearing, the testimony of claimant is uncontradicted that none of his doctors or anyone else told him that he was able to work. This period of time, therefore, falls under the rule of Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982), where this court stated:
Even assuming direct retrospective testimony that claimant was able to undertake some light employment as early as October of 1980, a reversal of benefits [TTD] here cannot logically rest on his failure to seek work in the absence of any evidence that he knew or should have known that he was released for that purpose.
Id. at 735. Therefore, we affirm that portion of the order which awards TTD benefits through the date of the hearing, July 22, 1982.
As of the date of the hearing, however, claimant should have known that he was able to do some work. Absent medical evidence that a claimant is totally unable to work, a work search is required. Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982); Commercial Carrier Corp. v. *1255 Bennett, 396 So.2d 847 (Fla. 1st DCA 1981); Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). Even in a situation such as the instant case, where a claimant cannot return to his original employment but must seek light or restricted work, he is still obligated to make a work search within his physical limitations. Four Quarters Habitat, Inc. v. Miller, 405 So.2d 475 (Fla. 1st DCA 1981).
In the instant case not one physician testified that claimant was medically unable to do any work. To the contrary, several physicians testified that claimant could do some type of light, menial, unskilled work. Claimant performed no such work search. Therefore, the award of TTD continuing from the date of hearing is error and must be reversed. Accordingly, the order of the deputy commissioner dated September 8, 1982 is AFFIRMED in part, REVERSED in part, and this cause is REMANDED for further proceedings.
MILLS and BOOTH, JJ., concur.