ROBERT P. SMITH, Jr., Judge.
Injured on the job in 1980, claimant was awarded temporary total disability benefits for intermittent periods beginning in July 1980 and continuously from February 1981 through his date of maximum medical improvement in February 1982. § 440.15(2), Fla.Stat. (1979). The self-insured employer now contends that the lack of any medical testimony that claimant was unable to work, coupled with its offer of a sedentary job in February 1981, forecloses an award of temporary total disability benefits. We affirm in part and reverse in part.
There is no error in the award of intermittent benefits from July 1980 until February 1981. We are mindful of the general principle that, in the absence of substantial evidence of medical inability to work during a period of claimed temporary disability, the claimant must test his em-ployability on the job market. See Commercial Carrier Corporation v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981); Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). But this principle “is plainly subject to qualification with respect to short periods.” Square G. Construction Company v. Grace, 412 So.2d 397, 399 fn. 2 (Fla. 1st DCA 1982). These periods of claimant’s temporary disability ranged from as short as four days to no longer than two months. The medical evidence supports the award of benefits for those periods.
The deputy did err in awarding such benefits after February 17, 1981. On February 13, claimant’s treating physician, Dr. Thompson, advised claimant’s supervisor that he could return to sedentary work with Southern Bell. Three days later, the supervisor telephoned claimant and offered him a less demanding job as clerical supervisor. Claimant stated his belief that Dr. Thompson had told him to stay home and declared that he could not come in on such short notice without talking to Dr. Thompson. The supervisor told claimant to report to work the next day, go “off the payroll”, or retire. Claimant, who was eligible to do so, retired and made no further efforts to obtain employment. Later he came under the care of Dr. Griffin, who also opined that claimant could not return to his former position as an “outside plant engineer.” But Dr. Griffin, too, felt that claimant was able to work in light-duty employment. A referral physician, Dr. Alfonso, also stated that claimant should not return to his former job, but set no restrictions on his return to light-duty employment.
In light of the medical opinions that claimant was able to engage in light-duty work, Southern Bell’s offer of employment appropriate to his limitations, and claimant’s failure to test his employability after February 17, 1981, the deputy’s award of temporary total disability benefits therefore was in error. See Commercial Carrier Corporation v. Bennett, supra, involving a six month period after claimant’s release for work, without medical evidence that he sought either further medical attention or returned to employment; Walter Glades Condominium v. Morris, supra, involving an eighteen month period after discharge, without evidence of any effort at employment or medical attention for such period.
That claimant was pressured on short notice into making a burdensome choice between working or retiring does not prove that claimant was unable to take other employment throughout the year 1981. To the contrary, claimant could have accepted his pension and still have sought other employment, thus proving any entitlement to the additional benefits claimed.
AFFIRMED in part, REVERSED in part.
WENTWORTH and ZEHMER, JJ., concur.