438 So.2d 968 (1983)
WILBRO DAIRIES and Florida Farm Bureau Insurance Companies, Appellants,
v.
Leonard HESCH, Appellee.
No. AO-432.
District Court of Appeal of Florida, First District.
October 6, 1983.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellants.
O. John Alpizar, Palm Bay, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Having considered appellants' motion for rehearing, we grant the motion in part and withdraw the decision and opinion filed August 10, 1983, substituting the following decision and opinion in lieu thereof.
In this workers' compensation case, the employer/carrier ("E/C") appeal an order awarding temporary total disability ("TTD") benefits from October 1, 1981, through October 22, 1981; wage loss benefits from October 22, 1981, to March 2, 1982; and assessing a penalty on unpaid benefits. We reverse in part and affirm in part.
*969 The deputy awarded TTD benefits from October 1, 1981, through October 22, 1981, based on a finding that claimant's condition improved during that period of treatment with Dr. Hooshmand. E/C contends there was no medical evidence of inability to work during that time period and no evidence of a good faith employment search, thus the award of TTD was error. We agree. Dr. Hooshmand saw claimant for the first time on October 1, 1981, and again on October 22, 1981. At no time did Dr. Hooshmand place any restrictions on claimant or state that he was unable to work during this time period. In fact, Dr. Hooshmand told claimant to try to return to work when he first saw him on October 1, 1981. In addition, claimant's testimony that he looked for work before November 5, 1981 (when he began keeping a list), but did not know how many places he may have gone to before that date, together with the failure to offer the names of any businesses where he inquired did not establish an adequate good faith employment search. See Conshor, Inc. v. Barnhart, 422 So.2d 946 (Fla. 1st DCA 1982); Southern Medical, Inc. v. Osuna, IRC Order 2-3763 (April 12, 1979). Absent medical evidence of inability to work or a conscientious effort to return to work, the award of TTD benefits was erroneous. See Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). Due to the absence of an adequate employment search for the calendar month of October, we also reverse the award of wage loss benefits from October 22 to October 31, 1981.
E/C next argues that there is no competent substantial evidence that claimant sustained a permanent impairment within the AMA Guides because, although Dr. Hooshmand stated he applied the Guides in determining a permanent impairment, his testimony showed that he actually did not apply the Guides. At no time was this argument raised before the deputy commissioner, therefore the issue has been waived. See Sunland Hospital v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
We reject E/C's argument that the issue of penalties was not raised in accordance with the requirements of Section 440.20(7), Florida Statutes. Entitlement to penalties was raised in the claim for benefits and in the pretrial stipulation. We hold that this satisfied the requirements of the statute.
REVERSED in part and AFFIRMED in part.
LARRY G. SMITH and NIMMONS, JJ., concur.