NIMMONS, Judge,
concurring in part and dissenting in part.
The deputy did not err in accepting the opinion of Dr. Schiuma that appellant was able to work. Further, there was no medical evidence that claimant was unable to work during the period in question. Appellant did not engage in a good faith work search during that period. Ordinarily, under those circumstances, a claimant is not entitled to temporary total disability benefits. See Tallahassee Coca Cola Bottling Co. v. Parramore, 395 So.2d 275 (Fla. 1st DCA 1981); State v. Campbell, 417 So.2d 1156 (Fla. 1st DCA 1982). However, denial of TTD benefits cannot be grounded upon a claimant’s failure to seek work in the absence of evidence that the claimant knew or should have known that he was released for that purpose. Lakeland Construction Co. v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983); Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982). The evidence on this point was conflicting. Dr. Todd noted that he told appellant on June 4, 1981, that she could return to work. When she requested to be seen by another physician, the employer/carrier authorized Dr. Schiuma to examine her. Although Dr. Schiuma did not specifically advise her that she could return to work, he told her at the conclusion of his examination that he did not find much wrong with her and that she was not being sincere with him. Even if Dr. Schiuma’s advice to appellant might not be regarded as a release to work, it certainly could not be regarded as a rescission of Dr. Todd’s earlier release to work.
Appellant, however, denied that she was advised by anyone in 1981 that she could return to work. The deputy failed to address the issue as to whether the appellant knew or should have known that she was released to work and made no reference to the conflicting evidence on this issue. In my view, the order denying appellant’s claim for TTD should be reversed and the cause remanded for the entry of a new order after consideration and resolution by the deputy of the above unresolved issue on the present record. If that issue were resolved against the claimant, I believe the deputy’s denial of the claim for TTD benefits for the period from August 10, 1981 to March 3, 1982, would be supported by competent substantial evidence.