454 So.2d 46 (1984)
DAYTONA LINEN SERVICE and Mission Insurance Company, Appellants,
v.
Cora M. DAVIS, Appellee.
No. AW-433.
District Court of Appeal of Florida, First District.
August 7, 1984.
Rehearing Denied August 28, 1984.
*47 F. Bradley Hassell, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
Joseph D. Krol, of Ossinsky, Krol & Hess, Daytona Beach, for appellee.
SHIVERS, Judge.
In this workers' compensation case, the employer/carrier appeal an order of the deputy commissioner which awards the claimant, Davis, temporary total disability (TTD) benefits and medical benefits. Appellants argue that there is no competent, substantial evidence to support the award of TTD benefits or to show that claimant's condition arose out of her employment. Appellants also contend that the deputy commissioner erred in admitting certain medical bills into evidence and ordering their payment when such relief was not claimed by appellee. We affirm in part and reverse in part.
Although it is true that a causal relationship between accident and disability must be shown within reasonable medical probability, the causal connection can be proved by medical or lay testimony. Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. *48 1970); Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). It is not necessary for a physician to utter the magic words "reasonable medical probability" to support a finding of causal relationship if a combination of lay and medical evidence provides competent, substantial evidence of a causal relationship. See Custodis Construction v. Register, 435 So.2d 947 (Fla. 1st DCA 1983). Although the record in the instant case suffers from a lack of testimony by any physician, we think a combination of the medical records and claimant's testimony provides competent, substantial evidence to support the deputy commissioner's finding of causal relationship.
Claimant testified that her back began to hurt after the industrial accident and that ever since her pain has worsened. Dr. Seltzer's medical reports refer to an injury in the form of musculoligamentus strain resulting from the industrial accident of February 21, 1983. Where an injury is shown, and the evidence presents a sufficiently logical explanation of a causal relationship between the accident and the subsequent injury, the burden shifts to the employer/carrier to show a more logical cause. Wilhelm v. Westminster Presbyterian Church, 235 So.2d 726 (Fla. 1970); Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). Although appellants suggest that claimant's 1977 industrial accident might be the cause of her low back pain, this proposition was not proven.
We agree with appellants that there is no medical evidence in this record to support a finding that claimant was totally unable to work during the time period for which TTD benefits were awarded and that claimant's bare complaints of pain do not excuse the absence of a work search. Generally, these facts would require reversal.[1] The medical evidence in this record does reveal, however, that claimant was advised not to work by her treating physician. Dr. Seltzer's report of March 2, 1983, states his "plan" for claimant. "She is instructed to conform to strict modification of activities with bed rest at home and heat application." There is no evidence in this record that claimant at any time was told to go back to work or otherwise released for that purpose. In Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982), this court stated:
Although claimant's employment history was varied and the circumstances would ordinarily dictate diligent attempts at other work if he had been so advised, neither the doctor's office notes nor any other part of the record to which we are referred indicates that claimant was released or informed that he could return to work until May of 1981. The equivocal nature of the doctor's quoted testimony does not, in the context of this record, require that the deputy find otherwise. Even assuming direct retrospective testimony that claimant was able to undertake some light employment as early as October of 1980, a reversal of benefits here cannot logically rest on his failure to seek work in the absence of any evidence *49 that he knew or should have known that he was released for that purpose.
Id. at 734-735; accord, Lakeland Construction Co. v. Flatt, 433 So.2d 1253 (Fla. 1st DCA 1983). Accordingly, we affirm the award of TTD benefits.
The deputy commissioner did not err in admitting claimant's hospital bills as evidence. The bills were relevant to show claimant's continued attempts to obtain medical treatment. It was error, however, to award payment of these bills. Appellee's application for hearing, which is also the claim in this case, does not ask for the payment of these bills. Nor does the pretrial stipulation reflect that these bills were in issue. The employer/carrier objected to the introduction of these bills on the basis that no claim had been made for them. That portion of the order sub judice ordering the employer/carrier to pay the emergency room hospital bills is reversed. Cf. Dade County School Board v. Walker, 379 So.2d 1026 (Fla. 1st DCA 1980) (modifying an order which appeared to award payment of an unclaimed medical bill). In all other respects, the order sub judice is affirmed.
AFFIRMED in part, REVERSED in part.
MILLS and WIGGINTON, JJ., CONCUR.
NOTES
[1] E.g., Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981); Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). We note that many of the cases which deny TTD benefits in the absence of medical evidence showing an inability to work or a good faith work search involve situations where a claimant was explicitly released to work by one or more physicians. See, e.g., Wilbro Dairies v. Hesch, 438 So.2d 968 (Fla. 1st DCA 1983); Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982); Quality Petroleum Corp. v. Mihm, 424 So.2d 112 (Fla. 1st DCA 1982); Commercial Carrier Corp. v. Bennett, supra; Walter Glades Condominium v. Morris, supra.

We also note that the rule is subject to exceptions. For example, a deputy commissioner may rely on lay testimony and his own observations to determine ability to work vel non when the issue does not require medical expertise but rather lies within the actual knowledge of the claimant, is readily observable by lay people or involves physical conditions and symptoms involving ordinary evidentiary credibility standards. Lindsley Home Care Centers v. Fuster, 413 So.2d 810 (Fla. 1st DCA 1982); Square G. Construction Co. v. Grace, 412 So.2d 397 (Fla. 1st DCA 1982). The rule is also subject to qualification with respect to short periods of time. Southern Bell Telephone & Telegraph Co. v. Seneca, 433 So.2d 1369 (Fla. 1st DCA 1983); Square G. Construction Co. v. Grace, supra.