SHIVERS, Judge.
In this workers’ compensation case, the claimant appeals the deputy commissioner’s order which denies his claim for wage-loss benefits. We affirm.
Claimant injured his neck and shoulder in a compensable accident on November 15, 1981. Thereafter, claimant came under the care of three treating physicians, Drs. Se-hayik, Ford, and Juan. Dr. Sehayik was claimant’s initial treating physician and treated claimant from December 1981 *994 through May of 1982. Dr. Sehayik released claimant to return to work without restrictions on May 7, 1982. As of this date, the doctor opined that claimant had reached maximum medical improvement without any permanent impairment.
Next, claimant came under the care of Dr. Ford. Dr. Ford treated claimant from June of 1982 through November of 1982. On November 9, 1982, Dr. Ford advised the employer/servicing agent that claimant could be on full work activities without functional impairment.
Finally, claimant came under the care, or, more specifically, was examined by Dr. Juan in June of 1983. In Dr. Juan’s report dated June 22, 1983, Dr. Juan noted that he could not find any clinical evidence to justify claimant’s complaints of pain. However, pursuant to a letter dated July 12, 1983, Dr. Juan opined that claimant had reached maximum medical improvement with a permanent disability to the body as a whole of 5%. Dr. Juan later on advised claimant’s attorney that claimant’s impairment rating was based on the AMA Guides to the Evaluation of Permanent Impairment.
In the order on review, the deputy found that claimant sustained no permanent impairment to either his neck or shoulder as a result of his industrial accident and, therefore, denied claimant’s claim for wage-loss benefits. The deputy specifically noted in his order that Drs. Sehayik, Ford, and Juan found no clinical and/or objective basis for claimant’s continued complaints of pain. The deputy accepted the findings of Drs. Sehayik and Ford that claimant did not sustain any permanent impairment as a result of his industrial accident. However, the deputy did not explicitly note and/or reject Dr. Juan’s testimony to the contrary in his order. The claimant contends this was error. We disagree.
A deputy commissioner may accept the testimony of one doctor and reject that of another, even without explanation. Hirschensohn v. David Wood Personnel, 455 So.2d 537 (Fla. 1st DCA 1984). Here, the acceptance of Drs. Sehayik’s and Ford’s findings that claimant did not sustain any permanent impairment as a result of his industrial accident was an implicit rejection of Dr. Juan’s finding to the contrary. See Glades County Sugar Growers v. Gonzales, 388 So.2d 333, 335 (Fla. 1st DCA 1980). Moreover, it cannot reasonably be contended that the deputy overlooked or ignored Dr. Juan’s testimony. Cf. Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). In his order, the deputy specifically noted that Dr. Juan was claimant’s most recent treating physician and that Dr. Juan could find no clinical basis to explain claimant’s complaints of pain. Additionally, at the hearing on claimant’s claim for wage-loss benefits, it was brought to the attention of the deputy that it was claimant’s position that he had sustained a 5% permanent impairment as a result of his industrial accident.
Nor can it reasonably be contended that the reason for the deputy’s finding on this point is not apparent from the record. Poorman, supra. Here, two treating physicians, Drs. Sehayik and Ford, opined that claimant had not sustained any permanent impairment as a result of the industrial accident and one treating physician, Dr. Juan, opined that claimant had. All three treating physicians, however, found that there was no clinical and/or objective basis to explain claimant’s complaints of pain, thereby casting doubt on whether claimant’s complaints of pain were medically verifiable. In light of this finding by all three physicians, specifically mentioned by the deputy in his order, the deputy simply chose to accept the opinions of Drs. Sehay-ik and Ford over that of Dr. Juan on whether claimant is permanently impaired. No more elaborate findings of fact were required by the deputy to support his choice. See Buró v. Dino’s Southland Meats, 354 So.2d 874, 877 (Fla.1978).
Accordingly, the deputy’s order, being supported by competent, substantial evidence, is AFFIRMED.
WENTWORTH, J., concurs.
NIMMONS, J., concurs in result only.