MILLS, Judge.
In this workers’ compensation action, Musgrave appeals from an order denying temporary disability and medical benefits. He contends that the deputy commissioner was in error when he found maximum medical improvement (MMI) had been *1239 reached and the work search he conducted was inadequate. We disagree and affirm.
Musgrave suffered a compensable injury to his neck and back on 27 July 1982. He was treated by Dr. Woolsey, who performed a fusion.
Dr. Woolsey testified that on 28 November 1983, Musgrave was advised that he had reached MMI and could return to light duty work in December. At this time, Musgrave was referred to Dr. Kurras for physical therapy treatments.
On 2 December 1983, Musgrave sought light duty work from his employer, however, he was informed that such work was currently unavailable. Following this, Musgrave made a limited attempt to procure alternative employment and finally resumed work on 21 March 1984, when a light duty position became open with the Department of Transportation.
Musgrave sought temporary partial or temporary total benefits for the period of 13 January 1984 through 21 March 1984. The deputy found that on 28 November 1983 Musgrave reached MMI and even if Musgrave had not reached MMI as of that date, the job search conducted by him was inadequate.
Musgrave presents two arguments in response to the deputy’s finding of MMI. First, Dr. Woolsey rendered MMI in retrospect. This contention was refuted by the doctor’s testimony and is not supported by the record.
Second, because the physical therapy treatments generated improvement in Musgrave’s condition, they must be regarded as curative in nature. For this contention, Musgrave relies on Corral v. McCrory Corp., 228 So.2d 900 (Fla. 1st DCA 1969), in which we stated temporary disability continues as long as recovery or lasting improvement in the injured person’s condition can reasonably be expected. However, in this case we also opined that the nature of medical treatment as curative or palliative is not to be determined by the ultimate success or failure of the treatment. During the hearing, Dr. Woolsey testified that he had not anticipated much improvement in Musgrave’s condition from the physiotherapy sessions and had prescribed them for palliative purposes only. It is therefore irrelevant to the MMI determination that the treatments realized some success. Through these arguments, it cannot be said that Musgrave has made a clear showing of error on the part of the deputy. See, Tampa Bay Moving Systems, Inc. v. Frederick, 433 So.2d 628 (Fla. 1st DCA 1983).
Absent medical evidence of inability to work, a'conscientious effort to locate employment is a prerequisite to an award of temporary benefits. Wilbro Dairies v. Hesch, 438 So.2d 968 (Fla. 1st DCA 1983). Moreover, it is the claimant’s burden to produce competent substantial evidence of a good faith work search. Conshor, Inc. v. Barnhart, 422 So.2d 946 (Fla. 1st DCA 1982).
Musgrave’s job search consisted of contact with only three potential employers during essentially a four-month period. Notably, Musgrave applied to only one nursery despite his college background in landscape technology and horticulture. This work search cannot be deemed a good faith effort to find employment. Further, Mus-grave failed to present any evidence that his search was unsuccessful based on the restriction imposed by Dr. Woolsey of light duty employment, rather than unavailability of work, as required by Belle v. General Electric Co., 409 So.2d 182 (Fla. 1st DCA 1982).
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.