WIGGINTON, Judge.
The employer/carrier appeal the deputy commissioner’s order modifying an earlier order and finding claimant to be temporarily and totally disabled from January 1, 1986, and continuing through the date of the hearing with the exception of a period of time in March during which claimant attempted employment. Although we affirm the order modifying the prior order of June 18, 1985, we must reverse the deputy’s finding that claimant’s period of temporary total disability began on January 1,1986, and continued through the date of the hearing. A claimant’s own testimony as to increased pain and inability to work, absent supporting medical testimony, is insufficient to establish a change in condition. East Manor Medical Care Center v. Stevens, 437 So.2d 721 (Fla. 1st DCA 1983). In the instant case, apart from his testimony as to pain and his inability to work, there is absolutely no evidence as to claimant’s disability status between December 12, 1985 — the date his treating physician diagnosed a normal left knee examination and opined that claimant was at maximum medical improvement with no impairment or residuals and without work restriction — and June 6, 1986, the date on which claimant was next examined.
We also limit the award of benefits to those periods of time specifically set forth on the three disability slips appearing in the record advising claimant that he was temporarily and totally disabled. Those periods of time were from June 9, 1986, through July 2, 1986; October 27, 1986, through November 24, 1986; and November 24, 1986, through December 8, 1986. Thus, since claimant was specifically advised that there were parameters to his temporary total disability, he should have known that he was released for work in between those times. Thus, we hold that claimant was not entitled to be excused from a work search, in contrast to the claimants in Daytona Linen Service v. Davis, 454 So.2d 46 (Fla. 1st DCA 1984), and Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.