520 So.2d 610 (1987)
Esteban PEREZ, Appellant,
v.
PUBLIC SUPERMARKETS, INC. and Hartford Insurance Company, Appellees.
No. BQ-250.
District Court of Appeal of Florida, First District.
December 29, 1987.
Renee R. Pelzman of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellant.
Mark L. Zientz of Williams & Zientz, Coral Gables, for appellees.
NIMMONS, Judge.
Appellant appeals from an order denying wage loss benefits. We reverse and remand.
*611 In an earlier order, the deputy commissioner, based in part upon the testimony of claimant's treating physician, Dr. Turke, awarded TTD and TPD benefits, required the employer/carrier to pay the medical bills of Dr. Turke and found the claimant to have reached maximum medical improvement on November 26, 1984.
The claimant returned to light sheltered work with the employer. He experienced an exacerbation of his back problem and again came under the care of Dr. Turke in January, 1985.
On January 25, 1985, Dr. Turke, a general surgeon, placed claimant on physiotherapy and told him not to work until further notice. On February 4, 1985, he returned claimant to light work with restrictions against lifting, bending, standing or prolonged sitting. On February 11, 1985, Dr. Turke again took him off work, this time until February 23.
On March 4, 1985, due to the claimant's continuing back problem as a result of prolonged sitting and standing, Dr. Turke told him not to work until further notice and prescribed medication for claimant's depression and pain. He never told claimant to return to work.
Contrary to his doctor's instructions, to "stay off until further orders," claimant attempted a security job in June, 1985. However, the pain he experienced was such that he could work only 1 1/2 days.
Dr. Turke continued to treat claimant and, in a written report dated November 5, 1985, opined that claimant, "because of recurrent pain and stiffness in [his] back," is still unable to work. In his deposition taken in February, 1986, Dr. Turke expressed the view that further testing was indicated due to the duration and extent of claimant's complaints and objective findings, and that he should not yet be doing even light work.
Prior to the February, 1986 hearing on claimant's claim, the parties entered into a pre-trial stipulation in which they, among other things, stipulated that the treatment of claimant by Dr. Turke was authorized. At the conclusion of the February 13 hearing, the proceeding was adjourned to a subsequent date to receive additional testimony. In the interim, the deputy sua sponte ordered claimant to be examined by Dr. Basil Yates, a neurosurgeon. Also during the interim the deputy and counsel for the respective parties visited Publix's warehouse and viewed the "scanning" job which the employer had offered to claimant.
At the reconvened hearing in August, 1986, Dr. Yates' written report was received in evidence and he also testified in person. Dr. Yates said that the claimant had a small permanent impairment and, contrary to Dr. Turke's testimony, opined that claimant could return to work with no restrictions.
In his order, the deputy awarded wage loss benefits for the period commencing with the week ending October 26, 1984, through March 1, 1985. He denied any additional compensation benefits but provided that future "periodic medical management and care" would be furnished by Dr. Yates.
The deputy denied wage loss benefits after March 1, 1985, because he found that the position of "scanner" offered by Publix was within claimant's capabilities and that claimant was not justified in not returning to that job. The order makes no reference to the claimant's assertion that he was justified in remaining off work because of the instructions by his authorized treating physician.
Curiously, the E/C make no comment in their brief in response to the claimant's argument that he was justified in remaining off work by reason of Dr. Turke's specific instructions. The order must be reversed.
Until Dr. Yates' report and testimony received at the August 25, 1986 hearing, the only authorized physician had instructed the claimant not to work.[1] On the basis of the evidence in the record, it was reasonable *612 for the claimant, in reliance upon the advice of Dr. Turke, to have remained off work  at least until the August 25 hearing when a contrary view (by Dr. Yates) was disclosed to the claimant. See Lakeland Construction Company v. Flatt, 433 So.2d 1253, 1254 (Fla. 1st DCA 1983); Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982) (denial of benefits cannot rest on failure to seek work in the absence of evidence that claimant knew or should have known that he was released for that purpose); Daytona Linen Service v. Davis, 454 So.2d 46 (Fla. 1st DCA 1984) (claimant "advised not to work by her treating physician" and there was "no evidence ... that claimant at any time was told to go back to work or otherwise released for that purpose"); Delgado v. LaQuinta Motor Inns, 457 So.2d 572 (Fla. 1st DCA 1984).
Accordingly, we reverse the deputy's denial of wage loss benefits for the period between March 4, 1985 and August 25, 1986, and remand for the entry of an award therefor.
With respect to the other issue raised by claimant relating to the deputy's sua sponte appointment of Dr. Yates to examine the claimant, we find no error.
REVERSED and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] The record shows that prior to the commencement of the hearing in February, 1986, the claimant had seen Dr. Turke on approximately ten occasions after the claimant discontinued working at Publix on Dr. Turke's instructions in March, 1985. During the same time period, the claimant had numerous physiotherapy sessions as recommended by Dr. Turke.