THOMPSON, Judge.
Claimant Thomas A. Strauss appeals a workers’ compensation order denying his claim for wage-loss benefits, costs, interest and attorney’s fees for the period July through October 1988. We reverse.
The evidence adduced established that claimant returned to work following his March 1, 1984 compensable injury, and continued to work until November 1987 when Dr. Schwimmer, his treating physician, instructed him not to work. In January and April 1987, while claimant was still working, he was seen by two different physicians for an independent medical examination (I.M.E.). In January 1987 Dr. Kallins advised claimant to keep working and to follow the recommendations of his treating physician, Dr. Schwimmer. In April 1987 the other physician, Dr. Pader, advised the employer/carrier (EC) claimant was capable of performing his former employment, but there was no evidence this opinion was communicated to claimant.
In June 1988 the EC terminated claimant’s benefits and advised him of the necessity of conducting a job search. Claimant did not undertake a job search because his treating physician had not released him to return to work. Not until he returned to Dr. Pader in November 1988 for a second I.M.E. was claimant given any indication he could return to work. Therefore, for the July through October 1988 period in question, notwithstanding the EC’s directions to claimant that he conduct a job search, there was no indication claimant knew he could go back to work, particularly in light of his treating physician’s orders to the contrary. Wage-loss benefits cannot be denied on the basis of an inadequate job search when the claimant has been instructed not to work by his authorized physician. Perez v. Publix Supermarkets, Inc., 520 So.2d 610 (Fla. 1st DCA 1987); Daytona Linen Service v. Davis, 454 So.2d 46 (Fla. 1st DCA 1984). The denial of wage-loss benefits for the period in issue is reversed with directions that wage-loss benefits be awarded subject to the proper consideration of any income received by claimant during the period as provided by § 440.15(3)(b)(l) and (2), Fla. Stat.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.