PER CURIAM.
The claimant appeals a workers’ compensation order establishing that the employer/carrier “reasonably used” a February 1990 date of maximum medical improvement. We find that the evidence does not support this determination.
The claimant sustained industrial injuries when he fell to the floor from a ladder in 1988, hurting his back and neck. He also developed dental and psychiatric problems, and received treatment from various doctors. The employer/carrier paid temporary disability benefits, and eventually accepted the claimant as permanently totally disabled effective in February 1990.
The treating psychiatrist and osteopath both advised the employer/carrier in 1990 of their opinions that the claimant had attained maximum medical improvement as of April 5, 1989. While each of these doctors continued treatment after *611 that date, such treatment was at least partly palliative. Both doctors indicated that the continuing treatment was rendered without any reasonable expectation of further recovery or lasting improvement. This evidence comports with the standard announced in Corral v. McCrory Corp., 228 So.2d 900 (Fla.1969), for the attainment of maximum medical improvement. See also, Musgrave v. State, Dept. of Transp., 466 So.2d 1238 (Fla. 1st DCA 1985). Both doctors also indicated that this was a prospective assessment which they made in April 1989. The employer/carrier’s failure to promptly obtain the opinions at that time does not negate the claimant’s attainment of maximum medical improvement. See Vista Properties of Vero v. Heumann, 516 So.2d 1032 (Fla. 1st DCA 1987).
The claimant also continued to receive dental care, but it was indicated that this had no significant impact on the ultimate disability. And the claimant’s chiropractor was not qualified to address the psychiatric problems. See Metropolitan Transit Authority v. Bradshaw, 478 So.2d 115 (Fla. 1st DCA 1985). The record contains no competent substantial evidence regarding any date of maximum medical improvement other than April 5, 1989.
The order appealed is reversed and the cause remanded.
BOOTH and MINER, JJ., concur.
ALLEN, J., dissents with written opinion.