MILLS, Judge.
In this workers’ compensation appeal, Seibert contends the deputy commissioner erred in denying him temporary total disability (TTD) benefits for the period between 4 January 1984 and 26 September 1984. We disagree and affirm.
Seibert suffered a compensable injury to his back in March of 1983. After the accident he was treated by various physicians in South Florida until his move to Ohio, when a coordinated transfer of physicians was made. In June of 1983, Seibert came under the medical treatment of Dr. Bernard Nolan. This doctor reported that Sei-bert could be released to work on 15 September 1983.
Thereafter Seibert was seen by Dr. Henry Hood who, on 4 January 1984, concluded Seibert was fit to return to work without restrictions. During the hearing on this claim, Seibert testified that he continued to suffer from debilitating back pain following this date and in this regard contacted his employer (E/C) for authorization of further medical treatment. This was initially denied.
The E/C then authorized Dr. Warren Zienback, a specialist in neurological surgery, who rendered a report on 16 March 1984. This physician concluded, “it is nec *501 essary for this individual to return to full-time activity.” Following this, Seibert returned to South Florida where he came under the care of Dr. Ronald Hinds. Dr. Hinds advised Seibert to attend back school and placed him on no-work status for this purpose. Upon his completion of the physical therapy course, Seibert was released to return to work on 6 November 1984.
After considering the testimony and evidence presented, the deputy commissioner found that TTD benefits should be denied Seibert from 4 January 1984, the date on which Dr. Hood advised the E/C that Sei-bert could return to work, until 26 September 1984, when Dr. Hinds initiated his no-work status.
It is a longstanding policy under Florida’s workers’ compensation law that where a claimant presents no medical evidence that he was unable to work during the period in question due to his injuries, the claimant is precluded from an award of TTD benefits without making a conscientious effort to return to work. Commercial Carrier Corp. v. Bennett, 396 So.2d 847 (Fla. 1st DCA 1981). In this same respect, this court has repeatedly held that total disability cannot be established merely by a claimant’s testimony that he did not make an effort to work because he did not feel able to do so. Cardinal Industries, Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981).
The eases cited by Seibert to support his argument do not represent a recession from the above stated rule, but rather an exception; where the claimant’s allegations of continuing pain are corroborated by a finding, subsequent to the period of nonmedical treatment, of a deterioration in his condition and a physician’s statement to that effect. This is not the situation here.
While Seibert was sent to back school under the auspices of Dr. Hinds, there is no testimony present in the record regarding his physical status during the gap period. It appears that what is involved here is a different approach to medicine by one physician against three others. Therefore, inasmuch as the deputy commissioner’s decision is supported by competent substantial evidence, we affirm.
L. SMITH and THOMPSON, JJ., concur.