SMITH, Judge.
In this appeal of an award of workers’ compensation, the employer, Tampa General Hospital, argues the deputy erred in granting temporary total disability benefits and wage loss. We agree that temporary total disability benefits were erroneously awarded but find that wage loss was appropriate. Accordingly, we reverse in part and affirm in part.
The appellee was working as director of Housekeeping Services for Tampa General on July 24, 1986, when he injured his back. The accident was accepted as compensable, and the injury was treated by the hospital employee health department. Appellee was later treated by Dr. Batas, a general physician, who diagnosed the injury as a pinched nerve and herniated disc. Medication and physical therapy were prescribed. Appellee had also been examined by Dr. Donald Mellman, a neurological surgeon, on a referral by Dr. Batas. Following examination conducted on September 8, 1986, Dr. Mellman released claimant to work without restrictions.
The appellee continued to serve as housekeeping director for approximately another year before resigning. The appellee testified that since the accident, his duties at *262 Tampa General increased due to the expansion of the hospital and management's desire to have department directors more visible. The appellee testified he resigned not only to avoid the stress and physical de.mands of his job with Tampa General but also to pursue other interests and to be his own boss. His letter of resignation, dated August 14,1987, did not mention back pain, nor did he inform his supervisors that he continued to suffer pain. At the time of his resignation, the appellee had not seen Dr. Batas or Dr. Mellman since October 23, 1986.
Shortly after his resignation, appellee purchased a drive-thru restaurant. He and his wife personally operated the restaurant approximately twelve hours a day, seven days a week, only occasionally assisted by a few teenagers. The appellee operated the business several months before turning it over to his children, who in turn sold it. The restaurant apparently was not a profitable venture, and appellee testified that he gave it up because he grew tired of working so many hours.
In February 1988, shortly after he gave up the restaurant, the appellee filed for workers’ compensation benefits. On January 19, 1988, appellee had returned to Dr. Batas for a reevaluation of his back. An examination revealed degenerative joint disease and he was advised to continue exercising. Dr. Batas testified that appel-lee reached MMI on January 19, 1988, with a 5% permanent impairment rating. Dr. Batas saw the appellee again on May 20 and July 11, 1988. These examinations revealed that the appellee had back pain and a reduced range of motion. Exercise, hot packs, and traction were prescribed, and appellee was also given samples of medication. On June 29, 1988, appellee returned to Dr. Mellman. Dr. Mellman testified that an examination revealed the ap-pellee’s condition had deteriorated since October 1986, the time of the last examination.
Following a hearing, appellee was awarded TTD benefits for the period commencing January 2, 1988, and ending January 19, 1988. Appellee was also awarded TTD benefits for the period between July 11 to July 31, 1988. The deputy accepted Dr. Batas’s testimony and found that the appel-lee reached MMI on January 19, 1988. Ap-pellee further awarded wage loss from January 19, 1988, through July 11, 1988.
On appeal, the employer argues that there is not competent and substantial evidence to support the award of TTD benefits for the period in January 1988, and we agree. It is well-established that absent medical evidence that a claimant is totally disabled, TTD benefits may not be awarded unless claimant has conducted a sufficient work search. See Fair-Way Restaurant v. Fair, 425 So.2d 115 (Fla. 1st DCA 1982). There is no evidence that appellee was disabled during this period. The appellee had not seen Dr. Batas, his treating physician, for fourteen months prior to the January 19, 1988 reevaluation at which time appel-lee was placed at MMI. There was no medical testimony that appellee was totally disabled before January 19. The appellee, according to his own testimony, had worked about twelve hours a day, everyday, until the end of December 1987; and the appellee did not offer any evidence that he became totally incapacitated shortly thereafter on January 2, 1988.
The appellee argues on appeal that if the award of TTD benefits was erroneous, it was harmless error as he was entitled to TPD benefits. However, in order to receive TPD benefits, the record must show that employment was not obtained because of a compensable injury. Section 440.15(4), F.S.(1987). The appellee has not made such a showing.
Likewise, the award of TTD benefits for the period from July 11, 1988, through July 31, 1988, was improper. Dr. Batas testified, and the deputy so found, that the appellee attained maximum medical improvement on January 19, 1988. There has been no showing by competent and substantial evidence that the appellee reverted back to a condition of temporary disability in July. It is axiomatic that temporary disability benefits may not be awarded following the attainment of MMI. *263 See City of Ft. Meade v. Hickman, 528 So.2d 1214 (Fla. 1st DCA 1988).
We do not believe, however, that the award of wage loss was improper. It is the employer’s position on appeal that such benefits should not be granted following a claimant's voluntary termination of employment. However, to establish entitlement, a claimant need only show that a compensable injury was “an element in the causal chain resulting in or contributing to wage loss.” City of Clermont v. Rumph, 450 So.2d 573, 576 (Fla. 1st DCA 1984). See also, STC/Documation v. Burns, 521 So.2d 197 (Fla. 1st DCA 1988). A claimant is not required to show a compensable injury was the sole cause of wage loss. STC/Documation, supra. . So long as a claimant’s impairment can be found to be a contributing factor to wage loss, benefits are appropriate. Voluntary termination of income, in and of itself, does not preclude entitlement to wage loss. Certified Grocers v. Conerty, 529 So.2d 1201 (Fla. 1st DCA 1988). See also Glades Correctional Institution v. Bukowski, 528 So.2d 58 (Fla. 1st DCA 1988). We find that there is competent and substantial evidence in the record to support the deputy’s finding that claimant’s back condition was a major factor leading to his resignation from his hospital employment, and his conclusion that, after performing a good faith job search, appellee has been unable to find employment due, in part, to his back condition.
Accordingly, the order below is AFFIRMED in part and REVERSED in part.
SHIVERS, C.J., and WIGGINTON, J., concur.