553 So.2d 359 (1989)
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellants,
v.
Walter STONE, Appellee.
No. 89-989.
District Court of Appeal of Florida, First District.
December 7, 1989.
*360 Barry D. Graves of Ritch & Graves, P.A., Gainesville, for appellants.
Robert O. Stripling, Jr. and Charlene A. Culbreth of Stripling & McMichael, P.A., Gainesville, for appellee.
JOANOS, Judge.
The University of Florida and the Division of Risk Management have appealed an order of the Judge of Compensation Claims finding that appellee Stone suffered from a compensable occupational disease and awarding temporary total disability benefits. Competent substantial evidence supports the finding of compensability, and we affirm that issue without further discussion. However, with regard to the duration of the award of temporary total disability benefits, we find error and reverse.
The judge herein awarded temporary total disability benefits from July 22, 1987, the last day on which Stone was medically able to work at his lab technician job, to the present and continuing. Such benefits may ordinarily be awarded only where there is medical evidence of inability to work, or of a good faith work search. Area Electric Service, Inc. v. Cunningham, 538 So.2d 471, 472 (Fla. 1st DCA 1989). There is no medical evidence of inability to work after January 1988, when Stone's physician opined that he was able to work so long as chemical exposure was avoided.
With regard to a qualifying work search after January 1988, the record is clear that Stone limited his search to jobs available within the University. However, Stone had been specifically advised by his job counselors to restrict his work search in this manner, based on the benefits he had accumulated during 22 years of service. Further, since July 22, 1987, Stone had been on renewable three-month cycles of medical leave without pay, thus remaining in a quasi-employer/employee status with the University. Finally, it was unrefuted that Stone went on numerous job interviews within the University, and continually informed the University of his availability for employment in a chemical-free environment, but without success.
*361 The good faith of a work search must be determined in light of all existing circumstances, including physical impairment, age, industrial history, training, education, motivation, work experience, work record and the like. Ringling Brothers v. O'Blocki, 496 So.2d 947, 949 (Fla. 1st DCA 1986). In light of the foregoing circumstances, the award of temporary total disability benefits from July 22, 1987 through Stone's termination on November 1, 1988 was supported by a good faith work search, and the award for that period is affirmed.
However, the aforementioned rationale for confining his work search to the University ended with Stone's November 1, 1988 termination. The absence after that date of either medical evidence of inability to work or a good faith work search requires reversal of the temporary total disability award after November 1, 1988.
Affirmed in part and reversed in part.
WENTWORTH and THOMPSON, JJ., concur.