616 So.2d 548 (1993)
T.E. JAMES CONSTRUCTION CO. and Executive Risk Consultants, Inc., Appellants,
v.
Lyle HARTLEY, Appellee.
No. 92-752.
District Court of Appeal of Florida, First District.
March 30, 1993.
Rehearing Denied April 21, 1993.
*549 Theodore M. Johns of Cole, Stone, Whitaker & Stoudemire, P.A., Jacksonville, for appellants.
L. Jack Gibney, Jacksonville, for appellee.
PER CURIAM.
T.E. James Construction Company and its servicing agent appeal a workers' compensation order by which the claimant was awarded temporary total disability benefits, payable by T.E. James as the statutory employer pursuant to section 440.10(1), Florida Statutes. We conclude that there was insufficient evidence to support the temporary total award, but that T.E. James was properly established as the statutory employer.
The claimant was injured while working for T.E. James' subcontractor on a construction project. The claimant gave timely notice of injury to the subcontractor, and the record does not substantiate T.E. James' assertion of a conspiracy to deprive it of actual notice. Because the subcontractor did not have workers' compensation coverage in effect when the claimant was injured, T.E. James became the claimant's statutory employer under section 440.10(1), Florida Statutes. The claimant's obligation to provide notice of injury in accordance with section 440.185(1), Florida Statutes, was satisfied by the notice to the subcontractor, from which legal notice may then be imputed to T.E. James as the statutory employer. See Jack Axelrod Construction Co. v. Holcomb, IRC Order 2-3220 (August 22, 1977).
The claimant admitted that he conducted no job search after he ceased working for T.E. James' subcontractor. Although there was evidence that a torn meniscus in the claimant's knee is causing problems, the medical evidence does not establish an inability to work. Temporary total disability benefits may not be awarded in the absence of such evidence or an adequate job search. See e.g., University of Florida v. Stone, 553 So.2d 359 (Fla. 1st DCA 1989); Tampa General Hospital v. Lawson, 547 So.2d 260 (Fla. 1st DCA 1989); Seibert v. Pierce Poole and Kent Co., 478 So.2d 500 (Fla. 1st DCA 1985).
The temporary total disability award is reversed, and the appealed order is otherwise affirmed.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ., concur.