622 So.2d 114 (1993)
Ollie Mae CHARLES, Appellant,
v.
SUWANNEE SWIFTY and Associated Risk, Appellees.
No. 92-937.
District Court of Appeal of Florida, First District.
July 28, 1993.
*115 Michael R. McCullough, Michael R. McCullough & Associates, Jacksonville, for appellant.
Susan J. Anger, Moore & Peterson, P.A., Orlando, for appellees.
SHIVERS, Senior Judge.
In this workers' compensation appeal, claimant challenges the order of the judge of compensation claims (JCC) denying her claim for temporary total disability benefits for the period from December 14, 1990, through September 16, 1991. She argues that the JCC erred in rejecting unrefuted medical testimony in concluding that claimant was able to work and was not temporarily and totally disabled during this time. We reverse.
We agree with claimant that the medical testimony from Dr. Rivas and Dr. Kilgore did establish that claimant had not been released to work and could not return to work during the period in question, due either to her physical complaints of pain or to her questionable psychological condition. However, of greater significance is the fact that this testimony fails to establish, and the record is otherwise devoid of evidence indicating, that claimant was informed at any time prior to September 1991 that she was released to work, or, that she should have known she was released to work. Consequently, claimant cannot be denied temporary total disability benefits for the period in question, Croft v. Donna Jean Packing Company, 579 So.2d 146 (Fla. 1st DCA 1991), even assuming retrospective testimony that claimant could have worked during this period. Fulmer-Orlando v. Taylor, 419 So.2d 734 (Fla. 1st DCA 1982).
Therefore, the order of the JCC denying temporary total disability benefits from December 14, 1990, through September 16, 1991, is hereby reversed, and the cause is remanded, for further proceedings to award the requested benefits.
BOOTH and MINER, JJ., concur.