634 So.2d 200 (1994)
Miriam GARCIA-VINA, Appellant,
v.
U.S. HOLIDAY HEALTH AND RECREATION and Aetna Insurance Company, Appellees.
No. 92-3707.
District Court of Appeal of Florida, First District.
March 21, 1994.
Laurence F. Leavy of Laurence F. Leavy, P.A., North Miami Beach, for appellant.
Seth Abrams, Patricia Altonaga, Thomas W. Conroy and Edward W. Levine of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellees.
ERVIN, Judge.
In this workers' compensation appeal, claimant, Miriam Garcia-Vina, challenges an order of the judge of compensation claims (JCC), awarding her temporary partial disability (TPD) benefits rather than temporary total disability (TTD) benefits for the periods from November 19, 1984 through January 24, 1985, February 5, 1985 through March 11, 1985, and January 31, 1986 through November 18, 1991, and denying all indemnity benefits from March 11, 1985 through January 30, 1986. We agree with appellant and reverse.
In his final order, the JCC specifically found that none of the eight physicians who examined or treated claimant since she was directed to stop working after her industrial accident had ever released her to return to work. The JCC disregarded the implications of this finding, however, and declined to award claimant TTD benefits for the above periods. This was error.
TTD benefits are generally not awardable if, as in the case at bar, there is medical evidence that claimant is able to perform work with some restrictions.[1]T.E. James Constr. Co. v. Hartley, 616 So.2d 548, 549 (Fla. 1st DCA 1993). Typically, this rule pertains to situations wherein claimants have been advised by their physicians to return to work. See, e.g., Tampa Gen. Hosp. v. Lawson, 547 So.2d 260, 261-62 (Fla. 1st DCA 1989); University of Fla. v. Stone, 553 So.2d 359, *201 360 (Fla. 1st DCA 1989); Seibert v. Pierce, Poole & Kent Co., 478 So.2d 500, 500-01 (Fla. 1st DCA 1985); Daytona Linen Serv. v. Davis, 454 So.2d 46, 48 n. 1 (Fla. 1st DCA 1984).
The above rule does not apply, however, if, as here, no such advice has been obtained. This court has repeatedly held that even in the absence of medical evidence that a claimant was TTD or that claimant searched for but could not find work, TTD benefits should nevertheless be awarded where it is shown that claimant's physicians never communicated to the claimant that he or she was released to return to work. Indeed, TTD benefits may be awarded despite the testimony of a claimant's physician that claimant was able to perform work with certain restrictions, as occurred herein. Croft v. Donna Jean Packing Co., 579 So.2d 146, 148 (Fla. 1st DCA 1991); Davis v. Phillips & Jordan, 483 So.2d 534, 535-36 (Fla. 1st DCA 1986); Grey v. Eastern Airlines, Inc., 480 So.2d 1341, 1343 (Fla. 1st DCA 1985), review denied, 492 So.2d 1331 (Fla. 1986); Daytona Linen Serv. v. Davis, 454 So.2d 46, 48 (Fla. 1st DCA 1984); Fulmer-Orlando v. Taylor, 419 So.2d 734, 735 (Fla. 1st DCA 1982). This court most recently reiterated and reaffirmed this principle in Charles v. Suwannee Swifty, 622 So.2d 114, 115 (Fla. 1st DCA 1993) (claimant cannot be denied TTD benefits once physicians failed to inform her she was released to work, "even assuming retrospective testimony that claimant could have worked during this period").
We reverse those portions of the JCC's order awarding TPD benefits or denying benefits altogether, and remand with directions to the JCC to award TTD benefits from November 24, 1984 through November 18, 1991, except for those periods during which claimant was working, for which she is entitled to TPD benefits, based on her earnings.
REVERSED and REMANDED.
MICKLE and DAVIS, JJ., concur.
NOTES
[1] A claimant may also establish TTD by proving an unsuccessful work search. This was not available to claimant, because she was not informed of the job-search requirement until November 1991.