PER CURIAM.
In this workers’ compensation case, Patrick Meegan seeks review of an order denying his claims for indemnity and medical benefits. Competent substantial evidence supports the denial of the claim for payment of Dr. Lusskin’s bill, the denial of authorization for treatment with Dr. Lusskin, the finding that Meegan did not suffer a permanent impairment, and the denial of the request for a second orthopedic opinion. Accordingly, we affirm on these points.
We reverse the denial of the claim for temporary total disability benefits from May 2, 1990 through July 8, 1990. Although the Judge of Compensation Claims (JCC) denied the benefits in the decretal portion of the order, the order does not indicate why the benefits were denied. Temporary total disability benefits may not be awarded unless there is medical evidence of an inability to work or an adequate job search. T.E. James Constr. Co. v. Hartley, 616 So.2d 548 (Fla. 1st DCA 1993). The medical evidence indicates that Meegan was unable to work during this period. Dr. Lusskin, the only physician who treated Meegan during this time, stated in his office notes that Meegan was unable to work. The JCC rejected Dr. Luss-kin’s opinion as to permanency, but did not reject Lusskin’s views pertinent to temporary disability. Since no evidence or inference supports denial of benefits for the period mentioned, the order is in this regard unsupported by competent substantial evidence.
We also reverse in part the JCC’s denial of temporary partial disability payments. In denying these benefits, the JCC incorrectly found that all of Meegan’s requests were for periods subsequent to January 28, 1991, the date of MMI. The record, however, contains a temporary partial wage loss form which included a work search for the period beginning October 5, 1990 and ending October 18, 1990. On remand Mee-gan should be awarded these benefits.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, JOANOS and KAHN, JJ., concur.