648 So.2d 1203 (1995)
Perfecto COCHO, Appellant,
v.
CONTINENTAL BAKING and Travelers Insurance Company, Appellees.
No. 94-1353.
District Court of Appeal of Florida, First District.
January 10, 1995.
H. Guy Smith of Smith & Brunetti, P.A., Lakeland, for appellant.
David C. Lockwood of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
*1204 SMITH, Senior Judge.
Claimant Perfecto Cocho has appealed from an order of the judge of compensation claims awarding certain temporary total disability (TTD) benefits and denying others. We reverse and remand for further findings.
In September 1992, Cocho injured his right leg and hip in a compensable accident at work. After numerous visits to a walk-in clinic, the employer/carrier (E/C) referred him to Dr. Henderson, a board-certified orthopedist. Cocho first saw Dr. Henderson on September 29, 1992, and was placed on light duty. Dr. Henderson thereafter prescribed crutches and on October 23, 1992, while using the crutches at work, Cocho slipped in some spilled flour and fell on his right leg and hip. On October 29, 1992, Dr. Henderson first took Cocho off work for two weeks to rest his leg; when Cocho returned on November 17, 1992, Henderson recommended an MRI and again took Cocho off work for two weeks (or until December 1, 1992). Cocho testified that, after the October 23, 1992 fall, Dr. Henderson "pulled me two weeks off this temporary disability."
Dr. Henderson did not see Cocho after November 17, 1992, and it is undisputed that Cocho neither worked nor looked for work thereafter. Dr. Henderson testified that Cocho probably could have done sedentary work until the MRI was performed on May 23, 1993, but, because he did not see him during that period, he "didn't really know." Cocho thereafter filed a claim for TTD benefits from October 24, 1992 to October 20, 1993. The claim was heard on December 2, 1993, where the judge received testimony from Cocho (live) and Dr. Henderson (deposition). By order of January 12, 1994, the judge awarded TTD benefits for the periods October 29 to December 1, 1992, and June 7 to October 20, 1993, relying on Dr. Henderson's opinions of total disability during those periods. The order makes no specific finding as to the failure to award TTD benefits for the period December 2, 1992 to June 6, 1993.
Entitlement to TTD may be shown by medical testimony that a claimant is unable to work, or by evidence of a good faith unsuccessful work search. Holiday Foliage v. Anderson, 642 So.2d 94 (Fla. 1st DCA 1994). Here, there is no medical testimony that Cocho was unable to work between December 1, 1992 and June 7, 1993 (in fact, Dr. Henderson gave retrospective testimony that Cocho could have performed sedentary work during that period), and no evidence of an unsuccessful work search. However, even absent medical evidence of total disability or an unsuccessful work search, TTD should be awarded where the claimant's physician never communicated to the claimant a release to return to work, even assuming retrospective testimony that the claimant could have worked during the relevant period. Garcia-Vina v. U.S. Holiday Health & Recreation, 634 So.2d 200, 201 (Fla. 1st DCA 1994) (emphasis supplied), citing Charles v. Suwannee Swifty, 622 So.2d 114, 115 (Fla. 1st DCA 1993) (TTD cannot be denied in the absence of evidence that claimant was informed of a release to work, or should have known he was released to work).
Here, the judge did not explain his failure to award TTD benefits between December 1, 1992 and June 7, 1993. He may have relied on the absence of medical evidence of total disability and/or on Cocho's failure to do a work search. However, because Dr. Henderson never informed Cocho that he could return to work, these deficiencies are irrelevant unless the JCC found that Cocho "knew or should have known" he could return to work. See Charles, 622 So.2d at 115. The E/C urge affirmance, citing Cocho's knowledge that he had been taken off work only for discrete two-week increments, but we cannot determine that this knowledge formed the basis of the order. In other words, the judge may not have considered Cocho's knowledge of his work status (or lack thereof), but simply relied on the absence of medical evidence of total disability, the lack of an unsuccessful work search, or both. In light of the lack of findings in support of the failure to award TTD for the period in question, we reverse the order herein, and remand for further findings on that issue.
Reversed and remanded with directions.
BARFIELD and DAVIS, JJ., concur.