SHIVERS, Senior Judge.
Scotty’s and United Self Insured Services (E/SI) appeal an order of the Judge of Compensation Claims (JCC) awarding the claimant, Linda Boles, (Boles) temporary total disability (TTD) benefits from May 17, 1994 until December 4, 1994 on the basis that Boles was not informed by her physician or the E/SI that she could return to work. Because Boles was informed of her ability to return to work on October 20, 1993, we reverse the JCC’s award of TTD benefits for the period of May 17, 1994 through November 6, 1994. We affirm the award of TTD benefits for the period of November 7, 1994 through December 4, 1994, because Boles was on a no-work status.
While at work on August 10, 1992, Boles lifted a large bag injuring her lower back. Following the work-related accident, Boles came under the care of Dr. Pearson, who first saw her on October 5, 1992 and diagnosed a degenerative disc disease and lumbar strain. The lumbar strain was causally related to her work-related accident. On October 5,1992, Dr. Pearson released the claimant to light-duty work. Boles continued light-duty work from October 27,1992 through November 18,1992. •
On November 18, 1992, Dr. Pearson, after reviewing MRI results, diagnosed Boles with a L4r-5 disc herniation and a L5-S1 disc protrusion. Dr. Pearson again released her to light-duty work. On January 13, 1993, Boles was released to work with no restrictions and continued to work with no restrictions for nine months.
In September 1993, Boles, while walking up bleachers at a football game, aggravated her back condition. On October 5, 1993, she returned to Dr. Pearson. Dr. Pearson allowed her to continue to work. Two days later, on October 7, 1993, Boles returned to Dr. Pearson complaining of severe back pain. Dr. Pearson examined Boles and concluded that her herniated disc now involved the nerve root. At this point, Dr. Pearson allowed Boles not to work if she chose. She chose not to work.
On October 20,1993, Boles returned to Dr. Pearson, who issued a two-week light-duty work slip. Dr. Pearson saw Boles again on February 3, 1994 and May 4, 1994, neither making nor noting any change in her work status. Boles’ work status remained un *526 changed by Dr. Pearson until November 7, 1994.
On November 7, 1994, Dr. Pearson placed Boles on no-work status for three weeks for the first time since returning her to work on October 20, 1998. On November 28, 1994, Dr. Pearson extended her no-work status for another two weeks. Thereafter, Dr. Pearson returned Boles to light-duty work on December 12,1994.
On June 17,1994, July 20,1994, August 31, 1994, and September 28, 1994, Boles filed petitions for benefits requesting, inter alia, TTD from May 17, 1994 to the present and continuing. A hearing was held on January 10, 1995. The E/SI defended on the basis that Boles was able to work during the period in question. The JCC, accepting Boles’ testimony that no one had told her or released her to work since May 5, 1994, concluded that she was TTD from May 17, 1994 through December 4,1994.[1]
Generally TTD benefits should not be awarded unless there is medical evidence of an inability to work or an adequate but unsuccessful job search. Holiday Foliage v. Anderson, 642 So.2d 94 (Fla. 1st DCA 1994); Meegan v. Weekly Asphalt Paving, Inc., 637 So.2d 79 (Fla. 1st DCA 1994). However, even absent medical evidence of total disability or an unsuccessful work search, TTD benefits may be awarded where the claimant was never informed of her release to return to work. Cocho v. Continental Baking, 648 So.2d 1203 (Fla. 1st DCA 1995).
In the instant case, Dr. Pearson, the treating physician, issued a work slip to Boles on October 20,1993 indicating that she could return to light-duty work for two weeks. Boles’ own testimony indicates that she was aware of her release to work in October 1993 when, in response to whether she ever returned to work after October 1993, she answered “[n]o, sir. He released me to light duty.” Dr. Pearson did not change Boles’ work status until November 7, 1994, over a year later. Until a physician changed her work condition or Boles undertook a good faith job search, she was not eligible for TTD benefits. Therefore, Boles was not entitled to TTD benefits from May 17,1994 through November 6,1994. However, Boles was on no-work status from November 7, 1994 through December 4, 1994, and thus, is entitled to TTD benefits for that time period.
We therefore reverse the JCC’s award of TTD benefits for the period of May 17, 1994 through November 6, 1994 and affirm the award of TTD benefits for the period of November 7,1994 through December 4,1994.
BARFIELD and KAHN, JJ., concur.

. Boles was paid TTD benefits for a period of time up until May 16, 1994, and therefore, the period from May 5, 1994 through May 16, 1994 is not at issue in this appeal.