712 So.2d 426 (1998)
Brenda AMBURGEY, Appellant,
v.
PALM BEACH COUNTY SCHOOL BOARD and Crawford & Co., Appellees.
No. 97-1186.
District Court of Appeal of Florida, First District.
May 27, 1998.
Rehearing Denied July 9, 1998.
*427 Bill McCabe, Shepherd, McCabe & Cooley, Longwood, for Appellant.
Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, West Palm Beach, for Appellees.
PER CURIAM.
The claimant, Brenda Amburgey, challenges a final order of the judge of compensation claims denying her workers' compensation benefits. We affirm the order in all respects except one. The order fails to contain sufficient findings to support the denial of temporary total disability and permanent total disability benefits.
Several doctors testified that the claimant was able to return to work during the period in which temporary benefits were claimed, but there is no evidence they advised the claimant of that fact. In a letter dated August 31, 1994, the employer advised the claimant that she should return to work. The claimant testified that the doctors did not give her clearance to return to work before September 18, 1995.
This court has held consistently that, evidence the claimant is able to return to work is not sufficient to deny temporary total disability benefits in the absence of evidence the claimant was informed or should have known that he or she was released to work. See Charles v. Suwannee Swifty, 622 So.2d 114 (Fla. 1st DCA 1993); Garcia-Vina v. U.S. Holiday Health and Recreation, 634 So.2d 200 (Fla. 1st DCA 1994); Scotty's v. Boles, 680 So.2d 524 (Fla. 1st DCA 1996). In Cocho v. Continental Baking, 648 So.2d 1203 (Fla. 1st DCA 1995), we held that the judge of compensation claims must specifically state in the order that benefits were denied because the claimant knew or should have known that he could return to work. Otherwise, the appellate court has no way of knowing whether the judge of compensation claims relied only on a lack of medical evidence as to the claimant's ability, on lack of work search, or instead on the claimant's imputed knowledge of the clearance to resume work.
Because the order in the present case does not address the claimant's knowledge or imputed knowledge of her ability to return to work, we are constrained to reverse, based strictly on Cocho. On remand, the judge of compensation claims shall determine whether the claimant knew that she was released to work and, if so, shall specifically state in the order whether he finds that benefits should be denied on this basis. The order is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
BOOTH, BENTON and PADOVANO, JJ., concur.