PER CURIAM.
Appellants, the employer and carrier, appeal a worker’s compensation order finding the medical condition of Ingabarg Kirksey, the appellee and claimant below, to be com-pensable. Because the Judge of Compensation Claims (JCC) erred in admitting the testimony of claimant’s treating physician, we reverse. We do not remand for further proceedings, however, because even if admissible, the testimony of the treating physician, which was the only medical evidence causally connecting claimant’s complaints to a fall at work, was not sufficient evidence of causation on which the JCC could have found that the employment accident was the major contributing cause of appellee’s medical condition.
It is undisputed that the claimant tripped and fell during the course of her employment as a maintenance worker at Wal-Mart. Although medical treatment was immediately offered, the claimant declined. For approxi *269 mately the next month, claimant treated herself with over-the-counter pain medications while continuing to work until her pain became so acute that she finally requested medical treatment. She was referred to a local hospital by the carrier. An x-ray examination of claimant failed to reveal any injury, and claimant was treated with medication and physical therapy. Thereafter, in April 1996, claimant presented to her family physician for treatment of pain in her neck and right shoulder and for treatment of numbness in her right arm, complaints which she related to her fall. This physician, Charles Slattery, M.D., was not authorized by the carrier.
An independent medical examination was authorized by the carrier and was performed by an orthopedic surgeon, E.F. Swan, M.D., in July 1996. Upon his examination, Dr. Swan concluded that claimant may have incurred a voluntary decrease in strength and that claimant’s complaints “probably represented] some type of conversion reaction to the industrial injury....” He suggested a psychiatric consultation. The carrier authorized a psychiatric independent medical examination in March 1997.
By an amended petition for benefits, claimant sought reimbursement for the medical expenses incurred for treatment by Dr. Slat-tery as well as future care by him, as well as indemnity benefits. The employer/carrier denied that the claim was compensable. The matter proceeded to a hearing before the JCC on the issue of compensability only. At the hearing, claimant sought to call Dr. Slat-tery as a live witness, even though he was not listed on the pre-trial stipulation as a live witness. The carrier objected to Dr. Slat-tery’s testimony, as well as to the admission of his medical records, arguing that he was not previously disclosed on the pretrial stipulation as a live witness and that he was not an authorized physician. Noting that the petition was totally controverted, the JCC ruled that Dr. Slattery would be permitted to testify as an independent medical examiner.
This ruling was erroneous. As we stated in Union Camp Corp. v. Hurst, 696 So.2d 873 (Fla. 1st DCA 1997), under section 440.13(5)(e), Florida Statutes (1995), the medical opinions admissible in a proceeding before a JCC are limited to the opinions of a medical advisor appointed by the JCC or the division, an independent medical examiner, or an authorized treating provider. Further, a claimant is under an affirmative obligation to request an independent medical examiner under section 440.15(5)(a), if she objects to the decision of the employer/carrier to controvert her request for benefits based upon the independent medical evaluations obtained by the employer/carrier. Id.; see also Clairson Int’l v. Rose, 718 So.2d 210 (Fla. 1st DCA 1998). In the instant case, claimant did not request an independent medical examiner. If a JCC could sua sponte designate an unauthorized treating physician as an independent medical examiner at the hearing, section 440.13(5)(e) is rendered a nullity. It is a well-settled rule that the legislature does not intend purposeless legislation. See Unruh v. State, 669 So.2d 242 (Fla.1996).
We also find without merit claimant’s argument that we should affirm because the JCC could have properly designated Dr. Slattery as an “authorized treating provider.” Such a designation would have been error since Dr. Slattery was not specifically authorized by the employer/carrier. See Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996). Further, the record does not support claimant’s contention that Dr. Slattery was, in effect, authorized by the employer/carrier when claimant was directed to go to the local emergency room at the time she finally did request medical treatment. While claimant states that Dr. Slattery was the admitting physician, Dr. Slattery testified that he did not see the claimant with regard to her industrial accident until April 3, 1996, well after claimant’s discharge from the hospital.
Finally, we are not remanding this case for any further proceedings because the only medical evidence produced by the claimant, besides being inadmissible, fails to establish that the industrial accident was “the major contributing cause” of claimant’s medical condition. § 440.09(1), Fla. Stat.; Orange County MIS Dept. v. Hak, 710 So.2d 998 *270 (Fla. 1st DCA 1998). Accordingly, the order under review is REVERSED.
BOOTH, VAN NORTWICK AND PADOVANO, JJ., CONCUR.