POLSTON, J.
Appellant Antonio Whitner appeals the final workers’ compensation order ruling that his average weekly wage (“AWW”) computation excludes the premiums paid by his employer for his dental insurance. A claimant’s wages, for purposes of computing his AWW, are defined by section 440.02(27), Florida Statutes (2000) to include “employer contributions for health insurance for the employee or the employee’s dependents.” The Judge of Compensation Claims ruled that dental insurance is a fringe benefit separate from health insurance because they are sold separately with separate costs, and that dental insurance is more similar to disability insurance that is not included within the AWW computation. Appellant argues that “health insurance” includes the stand-alone dental coverage paid for by his employer. Because we agree with Appellant, we reverse.
“Health insurance” is not separately defined within the workers compensation statutes. However, regulatory provisions within Florida’s Insurance Code indicate that “health insurance” plans provide dental coverage, contrary to the JCC’s unsupported determination that health and dental insurance should be considered separately. See § 627.6577, Fla. Stat. (2000)(requiring that “[a]ny employer, group, or organization that pays or contributes to the premium of a group health insurance plan or dental service plan corporation which provides dental coverage only upon the condition that services be rendered by an exclusive list of dentists *593 or groups of dentists shall provide an alternative to enable the insured to have a free choice of dentist.”); § 627.65755, Fla. Stat. (2000)(prohibiting preclusion of coverage by a group health insurance policy for “the safe delivery of necessary dental care” in specified circumstances).
The definition of wages, prior to major revisions of the Workers’ Compensation Act in 1990 and 1993, included various fringe benefits, including disability insurance: “ Wages’ means ... employer contributions for legal, life, health, accident, or disability insurance for the employee or dependents.... ” § 440.02(23), Fla. Stat. (1989). Disability insurance was then specifically excluded from the definition of wages, unlike dental insurance which was not listed separately as a fringe benefit prior to the revisions.[1] Because the Legislature did not list dental insurance separately from health insurance along with the other types of coverages available, we decline to treat it separately.
Therefore, we reverse and remand for entry of an order awarding an increase in the Appellant’s AWW to reflect the employer’s contribution toward dental insurance.
WEBSTER and LEWIS, JJ., concur.

. Further, we are not persuaded that dental insurance is more akin to disability insurance than health insurance. Disability insurance provides benefits for the loss of income because of a disabling condition. Dental insurance provides benefits for the medical care of the individual.