827 So.2d 369 (2002)
Teresa CHUDNOF-JAMES, Appellant/Cross-Appellee,
v.
RACETRAC PETROLEUM, INC. and Gallagher Bassett Services, Inc., Appellees/Cross-Appellants.
No. 1D01-3981.
District Court of Appeal of Florida, First District.
October 9, 2002.
*370 Irvin A. Meyers of Meyers, Mooney, Stanley & Colvin, Orlando, for Appellant/Cross-Appellee.
Jack A. Weiss of Fowler White Boggs Banker P.A., St. Petersburg, for Appellees/Cross-Appellants.
WOLF, J.
Both parties appeal the final order in this workers' compensation case. We affirm both issues raised on direct appeal by the claimant, Teresa Chudnof-James, without further discussion. We must, however, reverse as to the issue raised on cross-appeal by the Employer/Carrier, Racetrac Petroleum Inc.: Whether there was competent substantial evidence to support the award of expenses and benefits associated with the emergency room visit of June 2000.
We must first determine whether the Judge of Compensation Claims (JCC) properly excluded the medical opinion testimony of Dr. Ernest Block, an emergency room physician. Section 440.13(5)(e), Florida Statutes (1997), governs who can offer medical opinion testimony during workers' compensation hearings. This section limits the medical testimony that is admissible before the JCC to the opinions of (1) expert medical advisors, (2) independent medical examiners, and (3) authorized treating providers.[1] The law is clear that a JCC errs in admitting the opinion testimony of a physician who does not fall into *371 one of these categories. See Wal Mart Store No. 0649 v. Kirksey, 728 So.2d 268 (Fla. 1st DCA 1999) (reversing benefits award where there was no medical evidence besides the inadmissible testimony of an unauthorized treating physician regarding the causation between the industrial accident and claimant's medical condition); see also Clairson Intern. v. Rose, 718 So.2d 210 (Fla. 1st DCA 1998); Bassett v. Laber, 722 So.2d 834 (Fla. 1st DCA 1998). Dr. Block was not appointed by the JCC, was not designated as an independent medical examiner, and was not an authorized provider. Therefore, the JCC properly excluded the medical opinion testimony of Dr. Block.
Without Dr. Block's testimony, there is no competent substantial evidence to support findings of either the medical necessity of the treatment or the causal relationship between the work-related injury and the June 2000 emergency room treatment. See generally, Wal Mart Stores, Inc. v. Mann, 690 So.2d 649 (Fla. 1st DCA 1997) (ruling the JCC erred in authorizing certain medical care absent evidence that such care was medically necessary; claimant presented no medical testimony that her condition was causally related to her industrial injury). Therefore, the JCC erred in awarding medical expenses for claimant's emergency room treatment and in awarding temporary total disability benefits for June 27, 2000, through July 10, 2000.
AFFIRMED IN PART, REVERSED IN PART.
VAN NORTWICK and POLSTON, JJ., concur.
NOTES
[1] Section 440.13(5)(e), Florida Statutes, provides in relevant part:

(e) No medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or division, an independent medical examiner, or an authorized treating provider is admissible in proceedings before the judges of compensation claims.