WOLF, C.J.
In this workers’ compensation appeal, claimant, Donald Campbell, challenges a final order raising five issues. We find that two issues regarding appellant’s past benefits have merit and reverse and remand for a recalculation of these benefits. We affirm all other findings in the order.
First, the judge of compensation claims (JCC) found that appellant’s average weekly wage (AWW) was $679.04, and not $640.00, which appellant’s employer L & C Construction used to calculate previously paid benefits. The JCC failed, however, to award appellant the difference between the previously paid benefits calculated at the lower (and. erroneous) AWW figure and the benefits calculated at the proper $679.04 AWW figure. We reverse and remand for entry of an order awarding appellant the difference between what he received and what he would have received had his compensation rate been based on the AWW determined by the JCC. See generally, Whitner v. Boulevard Tire Ctrs., 812 So.2d 592 (Fla. 1st DCA 2002).
Second, appellant sought temporary partial or temporary total disability (TPD or TTD) benefits from June 15, 2001, through the date of the hearing. Although the JCC found that TTD benefits were warranted because appellant’s treating physician found he was unable to work, the JCC ultimately held that appellant was not entitled to such, benefits after May 24, 2001. There is no competent substantial evidence establishing that appellant’s work *709 status had changed on that date or at anytime prior to January 29, 2002. Thus TTD benefits should have been awarded until January 29, 2002. See Amburgey v. Palm Beach County Sch. Bd., 712 So.2d 426 (Fla. 1st DCA 1998) (finding that evidence a claimant is able to return to work is not sufficient to deny TTD benefits absent evidence claimant was informed or should have known that he or she was released to work). We remand for the JCC to grant TTD benefits until January 29, 2002. On remand, the JCC should calculate the benefits at the AWW of $679.04. See § 440.15(2), Fla. Stat.
PADOVANO and POLSTON, JJ„ concur.