922 So.2d 1011 (2006)
SEMINOLE COUNTY SCHOOL BOARD and Preferred Governmental Claim Solutions, Appellants,
v.
Candiss TWEEDIE, Appellee.
No. 1D05-2107.
District Court of Appeal of Florida, First District.
February 6, 2006.
Rehearing Denied March 9, 2006.
Michael L. Peterson, Esq. and Nicole Florentino, Esq. of Moore, Peterson & Zeitler, P.A., Orlando, for Appellants.
Timothy F. Stanton, Esq., Winter Park; Bill McCabe, Esq., Longwood, for Appellee.
LEWIS, J.
The employer/servicing agent (collectively, the "E/SA"), appeals an order of the judge of compensation claims ("JCC"), raising five issues on appeal, only two of which merit discussion. The E/SA argues that the JCC erred as a matter of law in awarding claimant, Candiss Tweedie, temporary total disability ("TTD") benefits based upon the opinion of an unauthorized provider. The E/SA also argues that, without that opinion, no competent, substantial *1012 evidence supports the award. Although we agree with the E/SA's first argument, because competent, substantial evidence supports the TTD award, we affirm the JCC's order.
Claimant, a bus driver, was injured on May 13, 2004, in a work-related accident and sought, among other things, TTD benefits from July 23, 2004, through August 16, 2004. After seeing various physicians, claimant, without seeking authorization for chiropractic care, saw Dr. Jason Masters, a chiropractor, in August 2004. In his report, Dr. Masters wrote that he was "going to have [claimant] off work for the next two weeks and see how she responds with treatment." During Dr. Masters' deposition, claimant's counsel objected to the admissibility of Dr. Masters' opinions on the basis that he was not an authorized treating provider. The E/SA's counsel explained that she was taking Dr. Masters' deposition "for history" purposes, not opinion testimony. The JCC noted during the merits hearing that Dr. Masters' deposition was admitted for factual purposes only given that he was not an authorized treating provider. The JCC also noted in the order on appeal that Dr. Masters' deposition was admitted into evidence "for factual purposes." However, based upon our decision in Florida Distillers v. Rudd, 751 So.2d 754 (Fla. 1st DCA 2000), superceded by statute on other grounds as stated in Jefferson v. Wayne Dalton Corp./Hartford, 793 So.2d 1081 (Fla. 1st DCA 2001), the JCC decided later in the order that Dr. Masters was an authorized provider because the E/SA denied claimant's request for orthopedic care after July 23, 2004. Based upon the fact that Dr. Masters had claimant in a no-work status during the time frame at issue, the fact that Dr. Jeffrey Rosen, an orthopedic surgeon, never advised claimant that she could return to work, and claimant's testimony that she was unable to work, the JCC awarded claimant TTD benefits from July 23, 2004, through August 16, 2004. The JCC also authorized the evaluation and treatment, if medically necessary, of claimant's left knee injury and awarded claimant penalties, interest, costs, and attorney's fees. This appeal followed.
Pursuant to section 440.13(5)(e), Florida Statutes (2003), the only medical opinions admissible in proceedings before a JCC are the opinions of a medical advisor, an independent medical examiner, and an authorized treating provider. The law is clear that a JCC errs in admitting the opinion testimony of a physician who does not fall into one of these categories. Chudnof-James v. Racetrac Petroleum, Inc., 827 So.2d 369, 370-71 (Fla. 1st DCA 2002).
As it is undisputed that Dr. Masters was not a medical advisor or an independent medical examiner, the question becomes whether he was an authorized treating provider, which means a provider who has been authorized by an E/SA. See Rucker v. City of Ocala, 684 So.2d 836, 839-40 (Fla. 1st DCA 1996). Both sides agree that the E/SA never authorized Dr. Masters to treat claimant, a fact which the JCC initially acknowledged. However, the JCC relied upon our decision in Rudd to support his subsequent finding that Dr. Masters was, in fact, an authorized treating provider.
In Rudd, the employer/carrier (collectively, the "E/C") challenged an order awarding the claimant indemnity benefits and medical treatment, arguing in part that the JCC erred in relying on the testimony of Dr. Martinez, a neurologist who treated the claimant both before and after his work-related accident, because the claimant never received authorization from the E/C for the treatment. 751 So.2d at 755-57. In affirming, we explained that *1013 the claimant sought treatment from a neurologist. Id. at 757. Although the E/C authorized an independent medical evaluation by a neurologist, it did not authorize treatment with him. Id. As a result, we concluded that the claimant was entitled to seek treatment with the neurologist and to recover the costs of that treatment and that the JCC was not obliged to exclude the records and opinions of Dr. Martinez on the ground that he was not an authorized physician. Id.
As the E/SA contends, the JCC's reliance upon Rudd is misplaced given that the instant case is factually distinguishable. Here, while claimant may have sought further orthopedic care, she did not seek authorization for chiropractic care, as compared to the claimant in Rudd who sought the type of care that she eventually received. Cf. Borges v. Osceola Farms Co., 651 So.2d 173, 175 (Fla. 1st DCA 1995) (noting that the authorization of orthopedic care did not satisfy the E/C's obligation to authorize chiropractic care upon the claimant's request for such). Thus, because Dr. Masters was not an authorized treating provider, the E/SA is correct that the JCC erred in relying upon his opinion regarding claimant's work status in support of the TTD award. See Chudnof-James, 827 So.2d at 370-71. However, the E/SA is incorrect that, without Dr. Masters' opinion, the TTD award is not supported by competent, substantial evidence. In awarding claimant TTD benefits, the JCC properly relied upon claimant's testimony that she was unable to work during the period in question and the fact that Dr. Rosen never advised her that she could return to work. See Amburgey v. Palm Beach County Sch. Bd., 712 So.2d 426, 427 (Fla. 1st DCA 1998) ("[E]vidence the claimant is able to return to work is not sufficient to deny temporary total disability benefits in the absence of evidence the claimant was informed or should have known that he or she was released to work.").
Accordingly, we AFFIRM the JCC's order.
ERVIN and DAVIS, JJ., concur.