975 So.2d 1219 (2008)
U.S. AGRI-CHEMICALS CORP. and AIG Claim Services, Inc., Appellants,
v.
Larry CAMACHO, Appellee.
No. 1D07-0272.
District Court of Appeal of Florida, First District.
March 10, 2008.
Robert E. Biasotti of Carlton Fields, P.A., St. Petersburg, and Christine R. Davis of Carlton Fields, P.A., Tallahassee, for Appellants.
Bradley Guy Smith of Smith, Feddeler, Smith & Miles, P.A., Lakeland, Susan W. Fox of Fox & Loquasto, P.A., Tampa, and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and servicing agent seek review of a final order determining that the rupture of claimant's congenital arterial venous malformation was job-related and, therefore, compensable, and awarding benefits. We affirm as to all issues raised, writing only to address briefly two matters.
The employer and servicing agent contend that the judge of compensation claims erred when he admitted, over a timely objection, the deposition and records of Dr. van Loveren, a neurosurgeon who repaired claimant's rupture. Because Dr. van Loveren was not an authorized treating provider, an independent medical examiner or an expert medical advisor, we agree that the judge should have sustained the timely objection and not admitted the deposition and records. See § 440.13(5)(e), Fla. Stat. (2005) ("[n]o medical opinion other than the opinion of a medical advisor appointed by the judge of compensation claims or the department, an independent medical examiner, or an authorized treating provider is admissible in proceedings before the judges of compensation claims"); Chudnof-James v. Racetrac Petroleum, Inc., 827 So.2d 369, 370-71 (Fla. 1st DCA 2002) ("[t]he law is clear that a JCC errs in admitting the opinion testimony of a physician who does not fall into one of the [] categories" listed in section 440.13(5)(e)). However, because the judge stated in his order that he would have reached the same result even without the deposition and records of Dr. van Loveren and that result is supported by competent substantial evidence in the form of the testimony of claimant's independent medical examiner, we conclude that the error is harmless.
The employer and servicing agent also complain that, because a disagreement existed *1221 between the two independent medical examiners regarding causation, the judge was obliged to appoint an expert medical advisor. However, the employer and servicing agent never requested that the judge appoint an expert medical advisor. Accordingly, we conclude that they have failed to preserve this issue, and may not raise it for the first time on appeal. See Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352, 1355 n. 3 (Fla. 1st DCA 1997) (indicating that, while the judge has an independent duty to appoint an expert medical advisor when the evidence calls for it, failure to do so does not constitute fundamental error, and may not be raised for the first time on appeal). Cf. Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355, 357 (Fla. 1st DCA 1998) (concluding that a party may not complain about the failure to appoint an expert medical advisor when a request for appointment is not made "with reasonable timeliness").
AFFIRMED.
BENTON and POLSTON, JJ., concur.