PER CURIAM.
In this appeal, Claimant raises three issues, one of which relates to the apportionment of future medical care, and two relating to the denial of disability benefits for three discrete periods. On cross-appeal, the employer/carrier challenges the Judge of Compensations Claims’ (JCC) reliance on the opinion of Claimant’s independent medical examiner as to major contributing cause. We affirm the JCC’s allowance for apportionment only because Claimant’s arguments raised on appeal were not preserved. We also affirm the denial of disability benefits for one discrete period (October 21, 2006, through May 13, 2007), and the issue on cross-appeal because the JCC’s findings are sup *612 ported by competent, substantial evidence. However, we reverse the JCC’s denial of temporary total disability benefits (TTD) for the periods of October 19 & 20, 2006, and May 14, 2007, through December 31, 2007.

Background

Claimant suffered a workplace accident on August 17, 2006, which resulted in a compensable aggravation of a preexisting condition. Thereafter, Claimant was placed on no-work status by her treating chiropractor, Dr. Munday, through October 20, 2006. The E/C began providing benefits under the 120-day rule outlined in section 440.20(4), Florida Statutes (2006). On October 10, 2006 (while Claimant was on no-work status), the Employer offered Claimant a light-duty job which Claimant declined because she had not been returned to work by her doctor. Claimant was terminated on October 15, 2006, because the Employer needed to fill Claimant’s position. On October 16, 2006, the E/C controverted the case in its entirety.
Claimant continued to receive medical care on her own, and ultimately underwent a surgical procedure with Dr. Latif on May 14, 2007. Dr. Latif placed Claimant on no-work status from May 14, 2007, through December 31, 2007. Claimant filed petitions for benefits for authorization and payment of past and future medical care (including treatment with Dr. Latif) and for payment of indemnity benefits from the date of accident and continuing.
The JCC found Claimant’s accident and injuries compensable and ordered the E/C to pay for Dr. Latif s past care (including the surgery). The JCC denied all indemnity benefits finding Claimant had refused employment and voluntarily limited her income. As to the period following Claimant’s May 14, 2007, surgery, the JCC declined to award such benefits because Dr. Latif was not an authorized physician and his opinions were inadmissible.

Analysis

This court has consistently held a JCC cannot deny TTD benefits on the basis that a claimant is able to return to work in the absence of evidence the claimant was informed or should have known that she was released to work. See Seminole County Sch. Bd. v. Tweedie, 922 So.2d 1011, 1013 (Fla. 1st DCA 2006); see also Amburgey v. Palm Beach County Sch. Bd., 712 So.2d 426, 427 (Fla. 1st DCA 1998); Scotty’s v. Boles, 680 So.2d 524 (Fla. 1st DCA 1996); Charles v. Suwannee Swifty, 622 So.2d 114 (Fla. 1st DCA 1993); Garcia-Vina v. U.S. Holiday Health and Recreation, 634 So.2d 200 (Fla. 1st DCA 1994).
If a JCC denies TTD benefits to a claimant who is on no-work status, the JCC must specifically state in the order that benefits were denied because the claimant knew or should have known she could return to work. Otherwise, the appellate court has no way of knowing whether the JCC relied on a lack of medical evidence as to the claimant’s ability, or on the claimant’s imputed knowledge of the clearance to resume work. See Cocho v. Cont’l Baking, 648 So.2d 1203 (Fla. 1st DCA 1995).
Here, the JCC failed to make the appropriate findings to support his denial of TTD benefits for October 19 & 20, 2006 (a period when claimant was on no-work status). Consequently, the denial of benefits for this period is reversed.
The JCC’s denial of TTD benefits from May 14, 2007, through December 31, 2007, was predicated in large part on his ruling that Dr. Latif s medical opinion was inadmissible pursuant to section 440.13(5)(e), Florida Statutes (2006). While it is clear Dr. Latif was neither an *613 IME nor an expert medical advisor, the JCC found Dr. Latifs treatment was com-pensable, reasonable, medically necessary, and improperly denied by the E/C. The JCC ordered the E/C to pay for Dr. Latifs medical treatment provided during the period when the claim was contested. Under these circumstances, we have held that the JCC is not obliged to exclude the records and opinions of an unauthorized doctor. See Fla. Distillers v. Rudd, 751 So.2d 754 (Fla. 1st DCA 2000) (superseded by statute on other grounds). Because the JCC erred by concluding he was unable to consider Dr. Latifs opinions regarding TTD benefits from May 14, 2007, through December 31, 2007, we reverse the denial of benefits for this period.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BENTON, LEWIS, and CLARK, JJ., concur.