PER CURIAM.
 

 In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred by employing an incorrect legal standard when he rejected the opinion of the expert medical advisor (EMA) and failed to award (1) cervical spine diagnostic testing and (2) a lumbar spine evaluation at an anesthesia pain clinic. We affirm Claimant’s first point on appeal and reverse the second.
 

 In Claimant’s first point, she argues the JCC rejected the opinion of the EMA when the record contains no clear and convincing evidence to support such a denial.
 
 See
 
 § 440.13(9)(c), Fla. Stat. (2007) (“The opinion of the [EMA] is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the [JCC].”). Claimant sought an award of a cervical discogram and CT scan. The JCC found that the EMA recommended a surgical evaluation at which time the requested diagnostic testing would be considered. In doing so, the JCC did not reject the EMA’s opinion; rather, he interpreted it differently than did Claimant. Because competent substantial evidence supports the JCC’s interpretation of the doctor’s recommendations, we affirm the JCC’s award of an evalúa
 
 *932
 
 tion by a spine surgeon.
 
 See Ullman v. City of Tampa Parks Dep’t,
 
 625 So.2d 868, 873 (Fla. 1st DCA 1993) (holding JCC’s findings of fact must be upheld if any view of the evidence and its permissible inferences supports them).
 

 In her second point on appeal, Claimant argues that the JCC erred in rejecting the EMA’s recommendations regarding treatment for the lumbar spine because the JCC did not recite clear and convincing evidence in support of his denial of the claim for lumbar treatment. In fact, the JCC found the EMA made no recommendations for lumbar treatment.
 

 Generally, it is the claimant’s burden to prove entitlement to any requested benefit.
 
 See Fitzgerald v. Osceola County Sch. Bd.,
 
 974 So.2d 1161, 1164 (Fla. 1st DCA 2008) (“Claimant bore the burden over the course of the proceedings below to prove her entitlement to workers’ compensation benefits.”). When the JCC denied the requested lumbar spine evaluations, concluding that Claimant did not meet her burden of proof, arguably, it was not necessary that competent substantial evidence support the JCC’s denial of benefits.
 
 Id.
 
 (“A decision in favor of the party without the burden of proof need not be supported by competent sustainable evidence.”). Even though the JCC need not provide detailed findings explaining the denial of the benefits, the JCC’s discretion is not unfettered. As we noted in
 
 Ullman:
 

 The role of this court must be to guard against fanciful or arbitrary abuse of discretion in workers’ compensation cases, and we will continue to do so by scrutinizing JCC findings under the light of the basic rule requiring competent substantial evidence in support of such findings.
 

 625 So.2d at 873.
 

 Here, the parties did not question the EMA about his lumbar spine recommendations during his deposition. A review of his written report makes clear, however, that he recommended an evaluation of Claimant’s lumbar spine complaints at an anesthesia pain clinic, as was recommended by Claimant’s independent medical examiner. No evidence supports the JCC’s stated finding that the EMA did not make any treatment recommendations for the lumbar spine; thus, the JCC abused his discretion in denying the claim. Accordingly, we reverse this denial and direct that an order be entered awarding an evaluation at an anesthesia pain clinic.
 

 We AFFIRM in part, REVERSE in part, and REMAND with directions that an order be entered awarding the requested evaluation at a pain clinic.
 

 VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.