*546
 
 THOMAS, J.
 

 In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred in denying his claims for a limited period of temporary total disability (TTD) benefits and authorization for a second series of cervical epidural steroid injections, as well as penalties, interest, costs, and attorney’s fees. We find that the JCC did not err in denying the requested medical benefits, and we affirm that point without further comment. We agree that the JCC erred in denying the claimed indemnity benefits, and reverse that denial.
 

 Background
 

 As a result of Claimant’s compensable physical injuries, he began experiencing psychiatric difficulties, and the Employer/Carrier (E/C) authorized psychiatric treatment through Compass Health Systems. Claimant was first seen by Dr. Gomez, who opined that Claimant was in a no-work status. Dr. Gomez remained of that opinion until he left the employ of Compass Health in the summer of 2010. Dr. Conde then took over Claimant’s care, and agreed with Dr. Gomez’s assessment of Claimant’s work status, specifically during the period in question — September 15, 2010, through November 23, 2010. The adjuster testified that she never received any medical records from Compass Health changing Claimant’s work status from no-work to light duty.
 

 Nevertheless, on the basis of a conference between Dr. Gomez and the E/C’s attorney, which took place after Dr. Gomez last saw Claimant, the E/C reclassified Claimant’s work status from TTD to temporary partial disability from September 15 through November 23, 2010. The discussion which allegedly took place during this conference, including the suggestion that Claimant could try to return to work part-time, was memorialized in a letter from the E/C’s attorney to Dr. Gomez, which, in turn, was allegedly signed off by Dr. Gomez. Claimant objected to the admission of this letter into evidence, arguing it was not authenticated and it was impermissible hearsay. The JCC sustained Claimant’s objection, and the letter was not admitted into evidence. The E/C does not challenge the letter’s exclusion on appeal. Nonetheless, the JCC, apparently relying on the suggestion included in the letter that Claimant could return to work, engaged in an analysis of Claimant’s credibility on the question of whether he was informed he could seek to re-enter the workforce. Based on this analysis, the JCC found Claimant was not credible, implicitly concluded Claimant had been informed he could return to work, and denied TTD benefits.
 

 Analysis
 

 Claimant’s entitlement to TTD benefits hinged on his submission of medical evidence, not lay evidence, in support of that request.
 
 See Southland Corp. v. Jones,
 
 406 So.2d 1291, 1292 (Fla. 1st DCA 1981) (reversing JCC’s award of TTD benefits during time period claimant offered no medical evidence of total disability, only her own testimony she was unable to work). Because Claimant submitted such evidence here, the burden shifted to the E/C to submit evidence that Claimant’s work status had in fact changed from total disability to partial disability.
 
 See Campbell v. L & C Const.,
 
 869 So.2d 708, 708-09 (Fla. 1st DCA 2004) (reversing JCC’s denial of TTD benefits because no competent evidence supported change in work status). Even if evidence of a change in status is submitted, TTD benefits must be awarded if the record lacks evidence that the claimant was informed of the change in work status.
 
 See Amburgey v. Palm Beach County Sch. Bd.,
 
 712 So.2d 426, 427 (Fla. 1st DCA 1998). In such an instance, the
 
 *547
 
 JCC “must specifically state in the order that benefits are denied because the claimant knew or should have known that he could return to work.”
 
 Id.
 
 at 427 (citing
 
 Cocho v. Cont’l Baking,
 
 648 So.2d 1203, 1204 (Fla. 1st DCA 1995)).
 

 Here, it appears that the JCC may have intended to explicitly find Claimant knew he could return to work; however, the JCC need not have taken the analysis that far, given there is no record medical evidence that Claimant had been released to return to any sort of work during the period in question, September 15 through November 23, 2010. The only record evidence of Claimant’s work status during this time period was the opinion testimony of Dr. Conde, who opined Claimant was totally disabled from the time of her first assessment of Claimant in August 2010 through the last date she saw him — March 4, 2011. Thus, the record is devoid of medical evidence to support the suggestion that either Dr. Gomez, who stopped treating Claimant prior to the relevant time period, or Dr. Conde, who was the only psychiatrist to provide treatment during the relevant time period, opined that Claimant was sufficiently improved psychi-atrically to return to any sort of work, or that he was advised of the same.
 

 Even though the JCC reiterated in the final order her finding that the letter was not admissible, her final order is inconsistent because the only support for her credibility analysis of Claimant would be the inadmissible letter. As a consequence, we hold the JCC abused her discretion in considering Claimant’s credibility when there was no medical evidence that Claimant’s work status was anything other than no-work.
 
 See Trevino v. Dep’t of Revenue,
 
 82 So.3d 930, 2011 WL 2937374 (Fla. 1st DCA 2011) (finding JCC abused his discretion in denying medical benefits on grounds that no medical evidence supported award, where written report of doctor clearly recommended requested evaluation). Accordingly, we reverse the JCC’s denial of TTD benefits, along with the resulting penalties, interest, costs, and attorney’s fees, and we remand the matter for an award of the requested TTD benefits along with the appropriate penalties, interest, costs, and attorney’s fees.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
 

 ROBERTS, and ROWE, JJ., concur.