PER CURIAM.
In this workers’ compensation appeal, we reverse one of the three issues presented on direct appeal, and one of the three issues presented in the cross-appeal. We affirm the remaining issues without further comment.
In the challenged order, the Judge of Compensation Claims (JCC) excluded the opinion of the expert medical advisor (EMA) about causation of the need for treatment of Claimant’s neck. On appeal, the Employer/Carrier argues that the JCC should instead have admitted the opinion into evidence without attributing to it the presumption of correctness prescribed in subsection 440.13(9), Florida Statutes. We agree. Lowe’s Home Ctrs., Inc. v. Beekman, 187 So.3d 318 (Fla. 1st DCA 2016) (holding EMA’s opinion beyond scope of inquiry was admissible but not presumptively correct). The error was not harmless because the JCC’s perception that a preexisting condition’s worsening could not create a break in the causal chain was formed without the benefit of Certistaff, Inc. v. Owen, 181 So.3d 1218 (Fla. 1st DCA 2015).
Also in this order, the JCC relied on the EMA to deny temporary total dis *1288 ability (TTD) benefits, despite evidence that Claimant’s authorized treating provider had taken him off work entirely and never informed him that he could return to work. On cross-appeal, Claimant argues that the JCC should instead have relied on case law holding that an injured worker can rely on an authorized treating provider’s instruction to refrain from working, “even assuming retrospective testimony that claimant could have worked during this period.” Charles v. Suwannee Swifty, 622 So.2d 114, 115 (Fla. 1st DCA 1993). We agree with Claimant that his reliance on his doctor’s instruction can support a TTD claim.
For the foregoing reasons, the case is remanded for reconsideration of the causation question given the admissible evidence, and for findings on the appropriate time period for the TTD award to which Claimant is entitled.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LEWIS, BILBREY, and WINOKUR, JJ„ CONCUR.